ATLANTA & ST. ANDREWS BAY RY. CO. v. D. A. EWING.

150 So. 586.

Division B.

Opinion Filed October 27, 1933.

*Carter & Pierce* and *Thomas Sale,* for Plaintiff in Error; *John H. Carter* and *John H. Carter, Jr.,* and *A. M. Douglas,* for Defendant in Error.

BROWN, J.—This case is before us upon writ of error brought to review a judgment against the plaintiff, defendant in the court below, for damages alleged to have been caused by fire set out by the defendant's locomotive at or near the turpentine still of the defendant in error.

Both the cause of the fire and the amount of the damages done to plaintiff's trees were sharply contested issues in this case. On the question of the amount of damages done and the number and size of the trees injured or destroyed

by the fire the defendant in the court below introduced as a witness in his behalf one J. A. Smith, who testified that he had been a timber cruiser for almost twenty years, that he was familiar with the land involved in the suit; that he had examined the timber and had counted the trees burned and made notes on tally sheets at the time of the examination of the trees, and had then immediately made notes in a book, taking such notes from the tally sheets. The witness had the book with him, but did not have the original tally sheets, which he had left at home. Counsel for the plaintiff objected to the witness refreshing his memory by referring to the notes contained in the book. The court sustained this objection and the defendant excepted. The book itself was not offered in evidence but was simply to be used by the witness to refresh his memory from notations made in the book immediately after having compiled therein data on the tally sheets. This witness was the defendant's main witness on this particular subject.

In the case of Adams v. Trustees of Internal Fund, 37 Fla. 266, 20 So. 266, it was held that witnesses are not only permitted to refresh and assist their memories by the use of written instruments, memoranda or entries in books, made contemporaneously with the transaction to which they relate, but, if the writing is present in court, they may be compelled to do so. See also Smith v. Hinkley, 98 Fla. 132, 123 So. 564.

The trial judge no doubt sustained the objection on the theory that this rule only applied to the original tally sheets. We are of the opinion that the book to which he transcribed the notes on the tally sheets, having also been made contemporaneously with the matter about which the witness was attempting to testify, comes within the spirit of the rule above stated, and that therefore the witness should have

been permitted to refresh his memory from the notes he had made in such book, so that he could have testified more definitely as to the size and number of the trees which had been burned.

From the amount of the jury's verdict, we are of the opinion that the error above pointed out was harmful error and that the judgment of the court below should be reversed. It is so ordered.

Reversed and remanded.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.