150 So.2d 275 (1963)
Gertrude S. SCHMIDT, Appellant,
v.
Raymond R. TRACEY, Appellee.
No. 2780.
District Court of Appeal of Florida. Second District.
February 13, 1963.
Rehearing Denied March 6, 1963.
Farish & Farish, West Palm Beach, for appellant.
Earnest, Pruitt & Schulle, West Palm Beach, for appellee.
LOVE, WILLIAM K., Associate Judge.
Appellant, Plaintiff below, appeals from a judgment in her behalf upon a verdict for damages in an amount less than the claimed medical expenses. Other assignments of error are not made points in the brief, and, for that reason, are considered abandoned.
*276 Plaintiff, a 63-year old widow, was engaged in depositing a bag of groceries in the seat of her automobile when Defendant, parked close-by in the parking lot, backed his car into the open door of the Plaintiff's car causing it to strike her in the back, the particular point of impact apparently being the arm-rest of the door. The impact of the Defendant's car upon the door of Plaintiff's vehicle produced two small dents and exposed the bottom coat of paint thereon, but did not expose the metal. Shortly after this accident, Plaintiff returned to the office of a chiropractor where she had earlier that day received a treatment in the form of a very light manipulation for some trouble in the upper neck and upper spine which treatment, according to the practitioner, was not based upon pain and there "wasn't any need for her to be there that day". There were no marks upon the body of the Plaintiff  no bruises, cuts or lacerations and the practitioner had not taken any x-ray pictures of the spine prior to the visit immediately following the accident.
Plaintiff produced as a witness in her behalf, an orthopedist to whom she went for treatment some three to four weeks following the collision. This orthopedist testified that the Plaintiff, in giving her history, reported treatment by the practitioner referred to above and that she felt such treatment was aggravating the situation somewhat. The orthopedist testified that his examination disclosed that the Plaintiff was suffering from Paget's disease, kidney stones, osteo-arthritis, and spondylolisthesis, all of which the orthopedist considered to have been in existence long prior to the accident and none of which were caused or produced by the trauma of the collision.
The orthopedist prescribed a support, diathermy and felt that she had reached the maximum plateau of recovery from the conditions from which she suffered.
The charges of the orthopedist clinic, including diathermy, amounted to $189.00, together with the cost of the support of $20.00. The charge included $15.00 for "examination and legal report".
Despite the feeling of her orthopedist that her maximum plateau of recovery had been reached, the Plaintiff returned to the chiropractor where she received some seventy-eight further manipulative treatments. The chiropractor's charges prior to her change to the orthopedist for treatment amount to $78.00 and the treatment charges subsequent to that time amounted to $344.00. In the months preceding the trial the Plaintiff visited a doctor in Ft. Lauderdale for an examination, the charges of this physician, a radiologist and pathologist earlier amounting to some $55.00. It does not appear that these latter items were in connection with treatment.
The burden is upon the Plaintiff to prove the necessity and reasonableness of charges for medical attendance and treatment. Of the total of $706.00 claimed as medical expense, it was within the province of the jury to determine what portion or all thereof should be allowed as proven damages. The record reflects that the jury followed the testimony alertly as indicated by the questions set forth on Page 46 of the transcript. Medical witnesses testified as to the dependence of their opinions upon a truthful or reliable history.
We are unable to say what exact amount the jury allowed as compensation for medical expenses and how much for pain and suffering or aggravation of the injuries, if any. The test is not what amount this Court would have allowed had it tried the case, but whether the jury, as reasonable men, could have found the verdict which they did. Andrews v. Cardosa, Fla.App. 1957, 97 So.2d 43. We hold that the verdict of $508.00 was within this limitation.
The judgment of the lower Court is affirmed.
SHANNON, C.J., and ALLEN, J., concur.