O’CONNELL, Chief Justice.
Claimant, Alfred N. Munson, suffered a myocardial infarction while at work on August 20, 1965. After an interview between claimant and the carrier’s adjuster, which interview was recorded in shorthand and later transcribed by a court reporter, the employer-carrier refused to accept the heart attack as compensable. This refusal was based on admissions by claimant at the interview that his work activities on the morning he suffered the attack were normal or routine and did not involve unusual strain or overexertion. Victor Wine & Liquor, Inc. v. Beasley, Fla.1962, 141 So. 2d 581. A claim was filed and after a hearing the deputy entered an order finding the heart attack to be compensable and the claimant to be permanently and totally disabled. He awarded compensation accordingly. The full commission affirmed *453 the deputy and the employer-carrier seeks review here.
For their first and second points the petitioners contend that the deputy etred in refusing to permit their attorney to use the transcription of the interview between claimant and the adjuster in cross-examining claimant at the hearing, and in refusing to allow the court reporter to testify from her shorthand notes made at the interview. We agree that the deputy committed error in both rulings.
At the hearing the claimant testified that immediately prior to his heart attack he had performed work not routine to his duties which involved unusual strain and exertion. On cross-examination counsel for the petitioners asked claimant if he remembered the subject interview and the court reporter recording what was said. ' He replied in the affirmative. It became apparent that petitioner was going to use the transcript of the interview as a basis for asking questions which would impeach the claimant’s testimony. On objection by the claimant’s counsel the deputy ruled that the transcript could not be so used because the witness had not signed the statement and had not been furnished with a copy thereof. The deputy’s ruling seems to have been based upon F.S. Sec. 92.33, F.S.A.
Claimant admits that F.S. Sec. 92.33, F. S.A. does not apply to workmen’s compensation proceedings. Nevertheless, he argues that the policy of protecting injured persons against being disadvantaged by statements taken of them empowered the deputy commissioner to deny use of the statement in this case. He'' also argues that F.S. Sec. 440.29(1), F.S.A., which frees such proceedings from technical or formal rules of procedure in order that they may be conducted so as to best ascertain the rights of the parties, authorized the deputy to rule as he did here.
We agree that F.S. Sec. 92.33, F.S.A. does not apply to workmen’s compensation proceedings, but we cannot agree that the policy expressed therein can be utilized to prevent an employer from testing the truthfulness of a witness by impeachment as was done in this case. Nor can the freedom from formal procedures authorized by Sec. 440.29(1) operate to deny a party the opportunity to impeach a witness by showing prior contradictory statements. The latter statute might mean that the traditional procedure ordinarily followed in impeaching a witness might be relaxed, but it cannot mean that the accepted procedure is unavailable. In the instant case the petitioner’s attorney apparently set out to follow the procedure prescribed by statute and case law. F.S. Sec. 90.10, F.S.A. Urga v. State, Fla.App. 1958, 104 So.2d 43.
It is entirely proper to use a transcript or memorandum of prior statements of a witness as a basis of cross-examination in an effort to attack the credence to be placed in his statements made at hearing or trial. Lindberg v. State, 1938, 134 Fla. 786, 184 So. 662 and Urga v. State, supra. It is unnecessary that the memorandum or transcript be placed in evidence to be used for this purpose. Urga v. State, supra. Further, the original notes, memorandum or other document made contemporaneously with or soon after a transaction or event may be used by a witness as a basis of testimony given at a later time by the person who made the notes or memorandum. Volusia County Bank v. Bigelow, 1903, 45 Fla. 638, 33 So. 704; Davis v. State, Fla.1904, 36 So. 170 and Lindberg v. State, supra. Such a memorandum is not admissible as substantive evidence. Lindberg v. State, supra. But under the decision in Montgomery Ward & Co. v. Rosenquist, Fla.App.1959, 112 So. 2d 885, a transcript of notes of a court reporter, reflecting the statement of an agent of a party, was held properly admitted in evidence as a “past recollection recorded.”
We therefore hold that the deputy erred in ruling that the petitioners could not use the transcribed notes for purpose *454 of cross-examination and that the court reporter could not testify by referring to her original notes. These errors were not harmless.
This holding requires that the orders of the deputy and the full commission be quashed and the cause remanded for further proceedings. It is therefore unnecessary that we consider the other questions presented by the petitioners.
Accordingly, the writ of certiorari is issued, the orders of the deputy and full commission are quashed and the cause remanded for further proceedings.
It is so ordered.
THORNAL, CALDWELL and ERVIN, JJ., concur.
DREW, J., dissents with opinion.