HENDRY, Judge.
Edgar Wright Bowen, Jr. (“decedent”) was injured on October 14, 1964, by a fall through a hatch on board the vessel “Trident” on which he was working. Appel-lee-defendant Seaward Dredging Corporation (“Owner”) owned the “Trident”, a dredge. Decedent-Bowen filed a complaint for personal injuries, but on December 8, 1966, about two years after the accident, he committed suicide.
After his death, the present appellant (“Administratrix”) was substituted, and she filed a second amended complaint alleging both negligence under the Jones Act (46 U.S.C.A. §§ 688 et seq.), and unseaworthiness of the “Trident” at the time of the injury. The damages sought were those commonly recovered in survival actions, i. e., from the date of decedent’s injury until the date of his death. At the close of all the evidence in a jury trial, the trial court directed a verdict in favor of the defendants below on the ground that the plaintiff-administratrix failed to prove either negligence or unseaworthiness.
Appellant-administratrix contends that the court erred in directing a verdict in favor of the defendant-ship owner and in denying her motion for new trial. In support, she argues the applicability of the “scintilla rule,” by which a court may not direct a verdict in a seaman’s case, for negligence or unseaworthiness, so long as there is any evidence'in support of the proposition tendered by the party against whom the motion is directed. See: S Moore, Federal Practice fj 50.02 [1], p. 2324. She also maintains that the court erred in refusing to admit the accident report prepared by appellee-defendant, testimony as to circumstances surrounding decedent’s suicide, and the suicide note, reading in part, “my back is killing me — cannot work or live with the pain.”
It is our opinion that the court erred in directing a verdict for the defendant and in refusing to grant a new trial. We decline to pass upon the applicability of the “scintilla rule” or the proper statement of that rule. However, we find that the administratrix presented substantial competent evidence of such quality and weight that reasonable and fair-minded men in the exercise of impartial judgment might reach different conclusions, and so presented a jury-submissible question as to the ship owner’s negligence or unseaworthiness of his vessel.
Decedent had been employed as a rod-man, requiring that he work on shore and aboard the dredge. Testimony established that decedent fell through a hatch, but hatch covers were rarely removed. Testimony and photographs revealed that the hatches were located near or in a normal walking and working area about five or six feet wide. The hatches were painted yellow. Testimony showed that if a hatch cover were left off, nothing would be visi *153 ble to a person walking on the deck so as to alert him to the presence of the open hatch. By way of explanation of the photographs, they were taken after extensive remodeling, so that the hatches now have a “coaming” or portion protruding about four inches above the deck. Decedent at the time of the injury was carrying gas cans.
Appellant argues that for decedent to have fallen through the hatch, two logical inferences are: (1) the hatch cover was completely off, or (2) the hatch cover was improperly or insecurely placed, giving way under decedent’s weight when he stepped on it. A jury may draw inference from physical evidence; this is particularly true where there is both physical and testimonial evidence. Conda v. Plain, Fla. 1969, 222 So.2d 417, 418. The photographs here do raise jury questions as to negligence, contributory negligence, and unseaworthiness.
Existence of an open hatch under particular circumstances can result in a vessel being unseaworthy or the ship owner being negligent. See: Pope & Talbot, Inc. v. Hawn (1953), 346 U.S. 406, 413, 74 S.Ct. 202, 98 L.Ed. 143, 153. Breakage of a ship’s equipment under normal use may give rise to a logical inference the equipment was defective, rendering the vessel unseaworthy. Gilmore & Black, Law of Admiralty (1957), § 6-36, pp. 311-312. Also, any contributory negligence on the part of decedent would normally be for the jury.
The trial court did not err in refusing to admit an intramural accident report, which undoubtedly was hearsay and to be admitted had to be within one of the exceptions to that rule. Pekelis v. Transcontinental & Western Air (2d Cir., 1951), 187 F.2d 122, 128; Myers v. State, 43 Fla. 500, 31 So. 275, 279.
The “dying declaration” as an exception to the hearsay rule is a narrow one (22A C.J.S. Criminal Law § 741, pp. 1102-1103), and the circumstances of this case do not compel abrogation of Florida’s position against admitting hearsay.
For the reasons stated, the judgment appealed is reversed.
Reversed.