289 So.2d 449 (1974)
Harold Robert HADDOCK, Appellant,
v.
Mozeller A. ROBINSON et al., Appellees.
No. R-481.
District Court of Appeal of Florida, First District.
February 12, 1974.
Rehearing Denied March 12, 1974.
*450 Don Beverly, West Palm Beach, and Ronald E. Clark, Palatka, for appellant.
Joe C. Miller, II, of Miller & Miller, Palatka, for appellees.
JOHNSON, Judge.
This is an appeal from a final judgment entered upon a jury verdict by which appellant was awarded damages in the amount of $2,216.00 for injuries sustained in an automobile accident with one of the appellees. Appellant contends that the damages awarded by the jury are grossly inadequate, and that the trial court abused its discretion in entering judgment on the verdict and denying his motion for a new trial.
It appears from the record that appellant introduced evidence showing actual medical expenses of $1,192.75. Appellant further claimed that he had lost between $1,125.00 and $1,500.00 in income as the result of his injuries. His physician opined that appellant would require treatment and therapy every two weeks for an undetermined time in the future. A court-appointed physician testified that he did not know if the heat treatments prescribed by appellant's physician were necessary, but stated that they could be helpful to a person with appellant's condition  cervical and upper dorsal discomfort. Upon this evidence, the jury awarded appellant damages in the amount of $2,216.00.
Appellant contends that this figure is grossly inadequate for the reason that it is $101.75 less than the proven out-of-pocket expenses of appellant  which includes actual medical expenses and lost income. Nor does it take into account the past and future pain and suffering incurred by appellant or future medical expenses and lost wages.
We cannot agree with the appellant's contention herein. The test to be utilized in determining the adequacy of a verdict is whether a jury of reasonable men could have returned that verdict. Griffis v. Hill, 230 So.2d 143 (Fla. 1970). As stated in the Griffis case, supra at 145:
"The appellate court must be ever alert against the temptation to substitute its `verdict' for that of the jury. On the other hand, we must not refuse to act to relieve the injustice of either a grossly inadequate or excessive verdict."
An analysis of the trial record herein demonstrates that the verdict under attack meets the "reasonable man" test. The jury was not bound by the evidence as to the amount and reasonableness of the past or future medical expenses or the amount claimed as lost wages. The jury as reasonable men could have determined, as apparently they did, either that the extent of appellant's injuries did not justify the amount claimed as lost income, that the amount claimed was not reasonable, or that the medical bills themselves were not reasonable.
We do not find the instant verdict, which was over $1,000.00 in excess of the actual claimed medical expenses, to be so grossly inadequate as to compel us to substitute our judgment for that of the jury or the trial judge. It is not what this Court would have decided had it tried the case, but whether it can be said that the jurors as reasonable men could not have found the verdict they did. A review of this record illustrates that the verdict was supported by the evidence adduced at trial. It can fairly be said that the jury compensated appellant for the medical expenses *451 they believed were reasonable and also awarded him an amount for his personal injuries.
Accordingly, the entry of the final judgment and the denial of the motion for new trial were without error.
Affirmed.
SPECTOR, Acting C.J., and BOYER, J., concur.