308 So.2d 575 (1975)
MORRIS KIRSCHMAN AND COMPANY, INC., and Continental Insurance Company, Appellants,
v.
Thomas G. GARRETT and Willie Mae Garrett, Appellees.
No. V-497.
District Court of Appeal of Florida, First District.
February 21, 1975.
Rehearing Denied March 19, 1975.
*576 Robert P. Gaines of Beggs, Lane, Daniel, Gaines & Davis, Pensacola, for appellants.
James F. McKenzie of Levin, Warfield, Middlebrooks, Graff, Mabie, Rosenbloum & Magie, Pensacola, for appellees.
MILLS, Judge.
Appellants, defendants below, seek reversal of a judgment awarding appellees, plaintiffs below, damages in an automobile personal injury action.
The issues raised by this appeal are:
1. Did the trial court err in overruling defendants' objections to plaintiff testifying from and subsequent introduction into evidence of reproduced copies of his form 1099, United States Information Return, prepared by his employer?
2. Is proof of necessity and reasonableness necessary before medical bills may be introduced into evidence?
During interrogation by his attorney, plaintiff was handed reproduced copies of his 1970, 1971 and 1972 form 1099 United States Information Return originally prepared by his employer. Plaintiff was asked if these copies showed his income for the stated years and he replied that they did. Plaintiff was then asked what his income was in each of the three years. Defendants timely objected on the ground that if plaintiff was going to testify from the forms, they should be the originals. The trial court overruled the objection and permitted plaintiff to state his income for each of the years.
Immediately following this line of interrogation, plaintiff offered the form 1099 copies into evidence. The court overruled defendant's objection on the ground they were hearsay.
Subsequently, over defendants' objection that no predicate had been laid, the court permitted plaintiff to offer into evidence a physician's bill and a medicine bill based on plaintiff's testimony that he had been treated by the physician who prescribed the medicines and he had paid the bills.
We are of the opinion the trial court committed reversible error.
Though a witness may be permitted to consult a writing to refresh his memory, a proper predicate or foundation must be laid. Likewise, a foundation must be laid for introduction into evidence of a writing which does not refresh his memory but records his past recollection.[1]
Before a copy of an original writing may be admitted into evidence, the absence of the original and copy must be explained.[2]
The hearsay forms 1099 were not admissible into evidence under the exception set forth in Section 92.36(2), Florida *577 Statutes, as the foundation required by the provisions of this section was not established.
Plaintiffs laid no foundation for use of the reproduced copies of form 1099 while testifying or their subsequent admission into evidence.
The burden is upon a plaintiff to prove the necessity and reasonableness of medical bills.[3] This plaintiffs here failed to do.
For the reasons set forth above, this cause is remanded for a new trial on the issue of damages only, defendants having admitted liability.
McCORD, J., concurs.
BOYER, Acting C.J., concurs specially.
BOYER, Acting Chief Judge (concurring specially).
I concur in the decision reached, and in the actual statements contained in the foregoing opinion.
However, insofar as the above opinion might be construed to mean that a witness on the stand may not refresh his memory as to his income during a particular year by referring to United States Information Return Form 1099, W-2, or any other memoranda, I would disagree. I am of the view that a witness may, when queried as to his income during a particular period, respond "off the top of his head" or by reference to any memoranda applicable. The source of his information may thereupon be revealed by further questions or cross examination, all of which may then be considered by the jury as to whether or not credibility is to be afforded to the testimony.
Further, while I agree that the burden is upon a plaintiff seeking to recover medical expenses as part of his or her damages to prove the necessity and reasonableness thereto, and that such expenditures were a proximate result of the incident giving rise to the action, I do not agree, should the foregoing opinion be so construed, that it is required that necessity, reasonableness or proximate cause be established by expert testimony. Neither do either of the cases cited in footnote 3 of the foregoing opinion so hold. I am of the view that the only predicate necessary to the introduction into evidence of medical bills is testimony of the plaintiff reflecting the type of injury or illness, that the medical expenses were incurred in treatment thereof and that the treatment was for an injury or condition resulting from the incident giving rise to the suit.
In Shaw v. Puleo, cited above, the Supreme Court said, citing Schmidt v. Tracey, also cited above, that "Among the items which the party seeking to recover must prove, even when liability is clear, is the necessity and reasonableness of the charges for medical attendance and treatment." There is no suggestion that such proof must be by expert testimony. In Schmidt v. Tracey, although the court specifically recited, after listing certain medical expenses that "It does not appear that these latter items were in connection with treatment", the court held that "it was within the province of the jury to determine what portion or all thereof should be allowed as proven damages."
NOTES
[1] 98 C.J.S. Witnesses § 358, pp. 87-88.
[2] 32A C.J.S. Evidence § 817, p. 158.
[3] Schmidt v. Tracey, 150 So.2d 275 (Fla.App.2d 1963); Shaw v. Puleo, 159 So.2d 641 (Fla. 1964).