336 So.2d 566 (1976)
Thomas G. GARRETT and Willie Mae Garrett, Husband and Wife, Petitioners,
v.
MORRIS KIRSCHMAN AND COMPANY, INC., a Corporation, and Continental Assurance Company, a Corporation, Respondents.
No. 47236.
Supreme Court of Florida.
June 9, 1976.
Rehearing Denied September 21, 1976.
*567 Lefferts L. Mabie, Jr., of Levin, Warfield, Middlebrooks, Graff, Mabie, Rosenbloum & Magic, Pensacola, for petitioners.
Robert P. Gaines, of Beggs & Lane, Pensacola, for respondents.
HATCHETT, Justice.
Petitioners were the plaintiffs in an action brought against respondents on account of an automobile accident in which Mr. Garrett was injured.[1] Mrs. Garrett sought compensation for loss of "the services, society and consortium of her husband" (R 2) attributable to the accident. Because liability was conceded, the jury had only the question of damages to resolve. At the trial, petitioners' counsel undertook to prove, inter alia, the extent of medical expenses incurred in consequence of the accident, and diminution of Mr. Garrett's income as a result of his injuries. Judgment was entered in favor of each petitioner.
On appeal to the District Court of Appeal, First District, that court "remanded for a new trial on the issue of damages," Morris Kirschman & Co. v. Garrett, 308 So.2d 575 (1975), with one judge concurring specially in the judgment. The majority concluded that copies of income tax forms which had been filled out by Mr. Garrett's employer, should not have been used to refresh Mr. Garrett's recollection, and should not have come into evidence. In addition, the District Court concluded that the burden of proving the necessity and reasonableness of Mr. Garrett's medical expenses was not met. We granted certiorari on the basis of conflict between the District Court's decision in this case and other Florida appellate decisions, among which are United Sand & Material Corp. v. Florida Indus. Com'n, 201 So.2d 451 (Fla. 1967); Shaw v. Puleo, 159 So.2d 641 (Fla. 1964); Lindberg v. State, 134 Fla. 786, 184 So. 662 (1938); Atlanta & St. A.B. Ry. Co. v. Ewing, 112 Fla. 483, 150 So. 586 (1933); Volusia County Bank v. Bigelow, 45 Fla. 638, 33 So. 704 (1903); Jenkins v. State, 31 Fla. 196, 12 So. 677 (1893); King v. Califano, 183 So.2d 719 (Fla.App. 1st, 1966); Lobree v. Caporossi, 139 So.2d 510 (Fla.App. 2nd, 1962); and Chaudoin v. State, 118 So.2d 569 (Fla.App. 2nd, 1960).
*568 We agree with the District Court that the portion of the judgment based on the verdict in favor of Mr. Garrett must be reversed because of the admission into evidence, over objection on hearsay grounds, of copies of Mr. Garrett's employer's tax returns. There was no requirement to lay any predicate, however, for the use of those documents to revive present recollection. Before the papers were offered into evidence, plaintiffs' counsel furnished them to Mr. Garrett while he was on the witness stand:
By Mr. Mabie:
Q. Would you tell us what your  first of all let me hand you this and ask you if this is a copy of your form 1099s, your United States Information Return for the calendar years nineteen seventy, and nineteen seventy-one, and nineteen seventy-two showing what your total income was for each of those respective years from ABC Auto Sales?
A. Yes, sir.
Q. And what was your income in nineteen seventy, the year before the accident?
MR. GAINES: We object to that on this record, Your Honor, on the grounds that this is a self serving declaration which he[2] filed with the United States Government, and if he is going to testify from the records, it should be the original records.
THE COURT: Objection overruled.
A. In nineteen seventy I made sixteen thousand two hundred and sixty-two dollars and seventy cents.
MR. MABIE:
Q. And what in nineteen seventy-one?
MR. GAINES: Same objection, Your Honor.
THE COURT: Objection overruled.
A. Seven thousand nine zero one forty-eight.
MR. MABIE:
Q. And what was your income in nineteen seventy-two?
MR. GAINES: Same objection, Your Honor.
THE COURT: Overruled.
A. Six thousand six hundred and thirty-six dollars and forty-three cents.
Assuming for purposes of decision that the witness testified from present recollection,[3] the trial court correctly overruled defense counsel's objection. The use of copies of tax returns to stimulate and revive an independent recollection has been specifically approved by other courts, Freehill v. DeWitt County Service Co., 125 Ill. App.2d 306, 261 N.E.2d 52 (1970); J.A. Robinson Sons, Inc. v. Wigart, 420 S.W.2d 474 (Tex. Civ.App. 1967), and is fully consistent with the general rules governing the revival of a recollection. See 3 Wigmore on Evidence § 758 et seq. (1970); Maguire & Quick, Testimony: Memory and Memoranda, 3 How.L.J. 1 (1957). In requiring "a foundation" for such use, the District Court stated a rule contrary to the law of Florida as laid down in United Sand & Material Corp. v. Florida Indus. Com'n, supra; Atlanta & St. A.B. Ry. Co. v. *569 Ewing, supra; Jenkins v. State, supra; King v. Califano, supra; and Chaudoin v. State, supra.
When a writing is used only to revive present recollection, it need not have been written by the witness himself. Chaudoin v. State, supra ("no rule of evidence ... prohibits a witness from referring to notes made by another to refresh his memory." At 571-572). A paper used to revive present recollection does not have to be an original. Davis v. State, 47 Fla. 26, 36 So. 170 (1904); King v. Califano, supra; State v. Liston, 18 Or. App. 26, 523 P.2d 609 (1974). In many jurisdictions it is immaterial when the writing was made, if it is used only to elicit present recollection. Gauthier v. State, 28 Wis.2d 412, 137 N.W.2d 101 (1965) cert. den., 383 U.S. 916, 86 S.Ct. 910, 15 L.Ed.2d 671 (1966); Smith v. Bergmann, 377 S.W.2d 519 (Mo. App. 1964); Carter v. Carter, 187 Kan. 74, 353 P.2d 499 (1960); Smith v. State, 205 Tenn. 502, 327 S.W.2d 308 (1959), cert. den. 361 U.S. 930, 80 S.Ct. 372, 4 L.Ed.2d 354 (1960). But cf. Great Atlantic & Pacific Tea Co. v. Nobles, 202 So.2d 603 (Fla.App. 1st Dist., 1967). As a corollary to the rules allowing such wide latitude in the choice of writings as mnemonic aids, the writings used to prompt recollection are not necessarily admissible in evidence themselves. If a writing is admissible independently, its use to spur a witness' memory does not disqualify it, but it cannot come into evidence on the coattails of the testimonial recollection it sparks.
It is the witness' testimony as to the substance of his recollection which constitutes the evidence, when a writing revives present recollection. A writing may serve to jog a witness' memory and also be admissible on some independent ground. But no such independent ground was established, in the present case, when the tax forms were physically introduced in evidence, over respondents' hearsay objection.[4] The writing on the tax forms was the work not of the witness but of another. Insofar as was shown at trial, the forms are simply a writing in which Mr. Garrett's employer, Mr. Huggins, recites what he paid Mr. Garrett. The unverified writing of a third person, like the ordinary speech of a third person, is hearsay. Pickrell v. State, 301 So.2d 473 (Fla.App. 2nd, 1974); Bowen v. Seaward Dredging Corp., 242 So.2d 151 (Fla.App. 3rd, 1970); Smith v. Frisch's Big Boy, Inc., 208 So.2d 310 (Fla. App. 2nd 1968).
In order to be admissible,[5] such a writing must be shown to fall under an exception to the general rule excluding hearsay from evidence. Although the forms Mr. Huggins filled out were printed by the government, they are not official records for that reason. *570 If these forms were filled out in the ordinary course of business, it was open to the plaintiffs' counsel to establish that fact, if he could, and bring them within the business records exception. It is immaterial that the documents could have been shown to be within an exception to the rule disallowing hearsay, if no foundation was in fact made.
The petitioners cite Jenkins v. State, 31 Fla. 196, 12 So. 677 (1893) for the proposition that a writing is admissible in evidence where "[n]o other use appears to have been made of such a memorandum book at the trial but to refresh the memory of the witness to whom it belonged in giving his testimony." 12 So. at 678. Unlike the tax forms in the present case, the writing in Jenkins was the work of the witness whose memory was refreshed. It is not clear in the Jenkins case whether an adequate foundation had been laid for the "memorandum book" at issue there, so as to qualify it as past recollection recorded.[6] Assuming no such foundation was laid, the decision in Jenkins lends some support to petitioners' contention, but has been implicitly overruled on this point by cases decided in this century. E.g., United Sand & Material Corp. v. Florida Indus. Com'n, supra (although "the original notes, memorandum or other document made contemporaneously with or soon after a transaction or event may be used by a witness ... [s]uch a memorandum is not admissible as substantive evidence." At 453.) If counsel had only to show a writing to a witness, ostensibly in hopes of evoking some recollection, in order to render the writing admissible in evidence, the hearsay rule could be circumvented, simply by reducing hearsay to writing for tendering to the witness. In this fashion, hearsay could be hoisted by its own bootstraps to the status of competent evidence.
Conceding arguendo that the tax forms were hearsay and improperly admitted in evidence, petitioners argue that the error was harmless, because the forms were cumulative to Mr. Garrett's testimony. We reject the contention that this error was harmless. In fixing damages, the jury very likely took into account the difference between Mr. Garrett's earnings before the accident and his earnings afterwards. Aside from the forms, the only evidence as to Mr. Garrett's income after the accident was his own testimony, which was prompted by the tax forms. Petitioners' harmless error contention is nothing other than a variation on their bootstrap argument. Under the view petitioners urge, any writing would be admissible so long as a witness had consulted it in the course of his testimony.
In order to hold that it was harmless error to admit the forms themselves into evidence, because the forms were cumulative to testimony which they evoked, we would necessarily carve a broad exception to the hearsay rule, as a practical matter. We cannot approve an application of the harmless error statute which would have precisely the same effect as a new exception to the hearsay rule, permitting counsel to offer writings into evidence, merely because his witness had used them to revive present recollection.
As an additional ground[7] for reversal, the District Court asserted that the plaintiffs, *571 petitioners here, failed "to prove the necessity and reasonableness of medical bills," citing Shaw v. Puleo, supra and Schmidt v. Tracey, 150 So.2d 275 (Fla.App. 2nd, 1963). In Schmidt v. Tracey, supra, the Second District upheld a jury's award of damages, against the plaintiff's argument on appeal that her judgment was less than what she was out of pocket for medical bills. In Shaw v. Puleo, supra, this Court quashed an opinion of the First District which had reversed the circuit court judgment for supposed inadequacy of the damages. These cases illustrate appellate courts' traditional reluctance to overturn jury verdicts.
Here respondents' two objections at trial were to the introduction, respectively, of a physician's bill and of a pharmacist's bill, totaling $132.60, on the ground that Mr. Garrett's testimony alone could not suffice to show that they represented reasonable and necessary expenses.[8] Expert testimony was not required in order to render these medical bills admissible in evidence. Mr. Garrett's testimony made it a question for the jury to decide, under proper instructions, whether these bills represented reasonable and necessary medical expenses. Respondents made no objection to the jury charges as to reasonableness and necessity of medical expenses. A reversal of the portion of the judgment in favor of Mr. Garrett would not have been justified, if the hearsay rule had not been violated, when the tax forms were introduced.
Although a single judgment effectuated the verdict in favor of the Garretts, the elements of Mr. Garrett's claim for damages are different from the elements of Mrs. Garrett's claim. The trial judge drew this distinction by stating damages separately in the judgment, and when he instructed the jury, as follows:
[I]n connection with Mr. Garrett's cases, you should take into consideration, the reasonable value of expense of medical treatment and care necessary or reasonably obtained by him in the past or to be so obtained in the future, any earnings or work time lost in the past or any loss of ability to earn money in the future should also be considered.
As to the wife's claim, that is Mrs. Garrett, you should take into consideration any loss by reason of her husband's injury of his services, comfort, society and attentions in the past and in the future.
The hearsay evidence which was improperly admitted went to the issue of "earnings or work time lost ... or ... loss of ability to earn." The inadmissible evidence pertained exclusively to Mr. Garrett's claim. The District Court found no impropriety of any kind in the evidence supporting the judgment in favor of Mrs. Garrett, nor do we. Respondents do not argue that the verdict in favor of Mrs. Garrett rests on unlawful evidence, or that any procedural irregularity at trial affected it. Accordingly, there is no basis[9] on *572 which to disturb the trial court's judgment as to Mrs. Garrett.
The decision of the District Court of Appeal, First District, is approved in part and quashed in part, and the cause is remanded to the District Court for further proceedings consistent with this opinion.
OVERTON, C.J., and ROBERTS, ADKINS, ENGLAND and SUNDBERG, JJ., concur.
BOYD, J., dissents.
NOTES
[1] Defendants on a separate claim tried at the same time did not appeal.
[2] The tax forms were filled out not by the witness himself but by the witness' employer.
[3] Respondents maintain that the witness read from the forms at trial, which they assert to be equivalent to the introduction of the forms themselves into evidence. Petitioners, who do not specifically deny that the witness read his answers from the forms, argue that the record is insufficient to show that the witness did not testify on the basis of an independent recollection, revived by the forms. Petitioners take the position that this ambiguity in the record ought to be resolved against the party seeking to overturn the judgment. We need not decide the question, in light of the fact that the forms themselves were admitted into evidence, later in the trial.
[4] (CONTINUED) DIRECT EXAMINATION BY MR. MABIE:

Q. Mr. Garrett, I'm trying to recall exactly where we were when you came down from the stand to avoid repeating it. I had asked you about the figure which represented your earned income from the years nineteen seventy and nineteen seventy-one and nineteen seventy-two, but I haven't asked you about nineteen seventy-three. Is that a copy of your W-2, form 1099 showing your income from ABC Motors, your employer, for this last year, nineteen seventy-three?
A. Yes, sir.
Q. And what is the amount that you earned in nineteen seventy-three?
A. Sixty-nine sixty-six thirty.
MR. MABIE: Your Honor, we offer all four of these into evidence.
THE COURT: That will be Exhibit Ten.
MR. GAINES: We have the same objection, Your Honor, that they are hearsay.
THE COURT: Objection overruled.
[5] Because the contents of a writing which is consulted during testimony bears on the witness' credibility, opposing counsel may "examine the notes to which the witness referred in giving his testimony so that ... repeated reference ... to purported recorded notes is not a device employed to deceive the jury," Allen v. State, 243 So.2d 448, 450 (Fla.App. 1st Dist., 1971), and it is open to opposing counsel to introduce such notes. Notes relied on to revive present recollection are not admissible, however, for the purpose of bolstering the credibility of the recollection they spark.
[6] When a witness identifies as such a writing made contemporaneously (or nearly so) with events as to which testimony is elicited, and testifies that he knew at the time it was written that it was accurate, he incorporates into his testimony by reference the record of past recollection. On this basis, the writing becomes admissible since it is supported by the witness' oath, and he is available for cross examination. If the writing is by another, it may be admitted notwithstanding the rule against hearsay. As with any other exception to the hearsay rule, however, it is necessary that the predicate be established for exemption from the rule.
[7] The respondents' entire argument on this point, as set forth in their brief at pp. 11 and 12, is, as follows:

Dr. Olsen [a treating physician] was not called as a witness. There was no testimony from anyone else as to the reasonableness of his bill. The only testimony which related it to the collision was that of Mr. Garrett. There was no authentication of the charges shown on the bill from the pharmacy as being reasonable or related to the accident except the testimony of Mr. Garrett.
In admitting these documents into evidence as plaintiff's exhibit 2 (R 45) and exhibit 8 (R 51), the trial judge was apparently following the same rule he applied in admitting plaintiff's exhibit 10  any document is admissible into evidence if it appears to have some relevance to the case. For the reasons stated in our argument of points 1 and 2, the admission of these documents into evidence was error. The District Court of Appeal, First District, was correct in so holding.
[8] At p. 12 of respondents' brief counsel argues:

The only testimony which related [Dr. Olsen's bill] to the collision was that of Mr. Garrett [who also testified that the bill had been paid.] There was no authentication of the charges shown on the bill from the pharmacy as being reasonable or related to the accident except the testimony of Mr. Garrett.
[9] In this Court, respondents' only argument that the verdict in favor of Mrs. Garrett should not stand is that the verdict in her favor, as well as the verdict in favor of her husband "are clearly grossly excessive." Brief of Respondents, p. 13. We are unwilling to reweigh the evidence and substitute for the jury's verdict our own monetary estimate as to Mrs. Garrett's damages. Shaw v. Puleo, supra; Schmidt v. Tracey, supra.