335 So.2d 356 (1976)
Damarys Ann STRAKER et al., Appellants,
v.
Helen Drago LYNCH and Iowa National Mutual Insurance Company, a Foreign Corporation, Appellees.
No. Z-326.
District Court of Appeal of Florida, First District.
July 27, 1976.
Angus W. Harriet, Harriet & Sproull, Palatka, for appellants.
J. Robert McClure, Jr., and William C. Owen, McClure, Wigginton, Campbell & Owen, Tallahassee, Joe C. Miller, II, Miller, Perry & Miller, Palatka, for appellees.
BOYER, Chief Judge.
Appellants, plaintiffs in the trial court, obtained judgment in their favor, but nevertheless appealed, asserting that the jury's award of damages was grossly inadequate.
On August 21, 1972, appellant Damarys Ann Straker was proceeding south on U.S. Highway 17. As she stopped to make a left turn, her automobile was struck in the rear by an automobile driven by appellee Helen Lynch. Appellee Lynch and her insurer, Iowa National Mutual Insurance Company, *357 admitted liability, and a trial was held on the issue of damages.
At trial, appellant Mrs. Straker, testified that she received extensive treatment for pain which she had not experienced before the August, 1972 accident. She testified that $4,639.37 was spent for medical treatment of injuries sustained in that accident and that the bills were reasonable and necessary. She admitted that she had had a previous accident in March of 1972, and that as a result she incurred medical expenses in excess of $1,900.00; but claimed that she had recovered from that accident before being involved in the second accident in August of 1972.
Four doctors testified, two testifying directly at trial while the depositions of two others were introduced and read into the record. Dr. Farrar, testifying on behalf of appellant, stated that appellant's injury had its origin in the August, 1972 accident. Although Dr. Farrar modified his opinion somewhat on cross-examination, he nevertheless adhered to his original position that appellant's neck injury originated in the accident of August, 1972. Dr. Barrineau, who treated Mrs. Straker for both the March, 1972 and August, 1972 accidents, testified that when he saw Mrs. Straker on May 10, 1972, she had fully recovered from the March accident. Dr. Gillispie, whose deposition was introduced at trial and who first examined Mrs. Straker more than two years after the August accident, stated that in his opinion Mrs. Straker did not receive any permanent residual injuries as a result of either the March or August accidents, but did not really differentiate the injuries received in the two. Finally, Dr. Lynde could not relate the cause of Mrs. Straker's injuries, but did question whether the August accident caused the symptoms of which she complained at the time she consulted him.
Despite the fact that medical bills totaling $4,639.37 were introduced into evidence, the jury awarded only $1,500.00 to Mr. Straker for medical expenses and loss of consortium. The jury also awarded $5,000.00 compensatory damages to Mrs. Straker, and, pursuant to a stipulation between the parties, $1,500.00 for damage to the Straker automobile.
We are of the view that the $5,000.00 award to Mrs. Straker, though conservative, is not subject to successful challenge. In Griffis v. Hill, Sup.Ct.Fla. 1969, 230 So.2d 143, the applicable rule was stated:
"The test to be applied in determining the adequacy of a verdict is whether a jury of reasonable men could have returned that verdict. This test is simply stated but may be difficult to apply in a particular case. We are aware of the difficulties and frustrations courts experience in the search for the mythical jury of reasonable men. The appellate court must be ever alert against the temptation to substitute its `verdict' for that of the jury. On the other hand, we must not refuse to act to relieve the injustice of either a grossly inadequate or excessive verdict." (230 So.2d at page 145)
However, as to Mr. Straker, the jury verdict is clearly inadequate. While a review of the testimony indicates that the medical witnesses were vague as to the causation of Mrs. Straker's present condition, Mrs. Straker stated positively that the medical expenses for which compensation was sought were incurred as a result of the August, 1972 accident. (See Morris Kirschman and Company, Inc. v. Garrett, Fla.App. 1st 1975, 308 So.2d 575; Garrett v. Morris Kirschman and Company, Inc., Sup.Ct.Fla., 336 So.2d 566, opinion filed June 9, 1976.) That evidence was uncontradicted. Indeed, there was no other evidence on that point.
Appellees' reliance on Haddock v. Robinson, Fla.App. 1st 1974, 289 So.2d 449 is misplaced. In that case this Court recognized the general rule in determining the adequacy of a verdict to be whether a jury of reasonable men could have returned that verdict, citing Griffis v. Hill, supra. Applying that general rule, the Court held that the facts in that case met "the reasonable man test" and sustained the jury award. The general rule, of course, must be applied *358 according to the particular facts of the case under consideration. In the Haddock case, this Court significantly noted that the verdict was more than $1,000.00 in excess of the actual claimed medical expenses. Sub judice, as to Mr. Straker's claim, such is not the case. The jury award to Mr. Straker barely amounts to one-third of the claimed medical expenses. That fact when coupled with the uncontradicted evidence that the medical expenses were caused by the subject accident forces us to conclude that the jury award to Mr. Straker was inadequate. We, therefore, reverse and remand for a new trial on the issue of damages as to Mr. Straker only.
Affirmed in part and reversed in part.
McCORD and MILLS, JJ., concur.