BOYER, Judge,
concurring specially.
Appellants, who were defendants in the trial court, seek reversal of an order of the trial judge granting a motion for new trial on the basis that the jury’s verdict amounted to only approximately two-thirds of the plaintiff’s claim for medical expenses and that the evidence was uncontradicted that the medical expenses were caused by the subject accident. I agree that our decision in Straker v. Lynch, 335 So.2d 356 (Fla. 1st DCA 1976) requires affirmance and that appellants’ reliance upon Perenic v. Castelli, 353 So.2d 1190 (Fla. 4th DCA, 1977) is misplaced, because of the distinguishing facts there that the evidence on damages was conflicting.
However, the arguments of counsel both in their briefs and on oral argdment lead me to believe that confusion exists, which should be cleared up, regarding the standards to be applied in the review of orders on motions for new trial following a jury verdict. The standards differ, depending upon whether appellate review is sought of an order of the trial court granting a new trial or whether the appellate court is asked on appeal to reverse an order of the trial court denying a motion for new trial.
We commence with the presumption that the actions of trial courts are presumed correct. That principle of law is so well settled as to require no citation of authority.
When a motion for new trial is made it is directed to the sound, broad discretion of the trial court. If he concludes that the jury verdict is contrary to the manifest weight of the evidence then it is his duty to grant a new trial. Inasmuch as the motion for new trial is directed to the exercise of a broad sound discretion vested in the trial judge, his order granting a new trial will not be disturbed in the absence of a clear showing that his discretion has been abused. (Cloud v. Fallis, 110 So.2d 669 (Fla.1959) and cases therein cited)
On the other hand, when this court is asked to reverse an order of the trial court denying a motion for new trial, viz: When an appellate court is asked to itself order a new trial, it is necessary for the appellate court to review the record, not for the purpose of applying the manifest weight of the evidence standard which is the prerogative of the trial judge, but rather to determine from the record whether a jury of reasonable people could have returned the verdict. (Griffis v. Hill, 230 So.2d 143 (Fla.1969) reh. den. 1970)
As stated by the Supreme Court in the last cited case:
“The test to be applied [by an appellate court] in determining the adequacy of a verdict is whether a jury of reasonable men [or women] could have returned that *1293 verdict. This test is simply stated but may be difficult to apply in a particular case. We are aware of the difficulties and frustrations courts experience in the search for the mythical jury of reasonable men. The appellate court must be ever alert against the temptation to substitute its ‘verdict’ for that of the jury. On the other hand, we must not refuse to act to relieve the injustice of either a grossly inadequate or excess verdict.” (230 So.2d at page 145: Bracketed words added)
In other words, as I conceive the holdings of the Supreme Court, a trial judge, in considering a motion for new trial following a jury verdict, applies the “manifest weight of the evidence” standard. An appellate court, on the other hand, applies the test as to whether a jury of reasonable persons could have returned the verdict. In each instance an appellate court must commence with the presumption that the order entered by the trial court is correct. (Cloud v. Fallis, supra)
I therefore concur in affirmance sub judi-ce.