SMITH, Acting Chief Judge.
Plaintiff appeals from a circuit court judgment awarding him $1,200 upon a jury verdict finding that he and defendant were equally negligent and that plaintiff’s total damages amounted to $2,400. Plaintiff complains of the trial court’s denial of his motion for a new trial, and of other asserted errors.
Plaintiff, then a high school student, was struck from behind by an extended mirror or antenna of defendant’s vehicle as plaintiff walked with a companion, just on the shoulder of a roadway, with his back to oncoming traffic. Plaintiff was knocked unconscious to the ground, and electroencephalograms indicated that his brain was bruised. Subjective symptoms also indicated, in an orthopedist’s opinion, permanent aggravation of a congenital back defect which previously was neither disabling nor uncomfortable to this high school athlete. Plaintiff’s medical and hospital bills received in evidence amount to approximately $2,180. Based on plaintiff’s complaints, a psychologist diagnosed a traumatic neurosis for which he recommended future therapy costing from $1,500 to $4,000.
The jury obviously doubted plaintiff’s credibility because of a detective’s testimony that he observed plaintiff one night, with two other young men, pushing a steel safe of more than 400 pounds out the back door of a local bakery. Given plaintiff’s complaints of continuing back disability, the detective’s testimony was not inadmissible because of its tainting effect.
Plaintiff urges that the verdict on degrees of negligence and on damages was contrary to the manifest weight of the evidence and resulted from the jury’s passion and prejudice. Had the trial court so found on plaintiff’s motion for new trial, we could not disagree. But the trial court did not so find, and it is not our duty to reweigh the evidence. The jury could have found that plaintiff was substantially negligent in walking perilously close to the roadway with his back to oncoming traffic. The court charged on the statute requiring pedestrians to walk on the shoulder facing traffic. Section 316.130(4), Florida Statutes (1977); Fla.Std. Jury Instr. (Civ.) 4.11. The jury could conceivably have found that plaintiff’s subjective symptoms were exaggerated or fabricated, and that some of the medical services sought were unnecessary. However the jury’s assessment of plaintiff’s damages is rationalized in the light of his indisputable injury, the verdict is, to put it mildly, parsimonious. But the trial court did not disapprove the verdict and neither, in the circumstances, can we. Shaw v. Puleo, 159 So.2d 641 (Fla.1964); Haddock v. Robinson, 289 So.2d 449 (Fla. 1st DCA 1974). See also Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla.1978). We have also considered plaintiff’s contentions concern *22 ing the verdict forms submitted to the jury, and we find no error.
AFFIRMED.
ERVIN, J., and MITCHELL, HENRY CLAY, Jr., Associate Judge, concur.