GLICKSTEIN, Judge.
This is an appeal from a final judgment entered after the trial court granted defendant’s motion for directed verdict at the conclusion of plaintiff’s case during a jury trial. We reverse and remand, only one issue being ripe for review; namely, whether the trial court erred in directing a verdict against the plaintiff after presentation of that party’s case in chief. We conclude it did err.
Appellant was injured in an automobile accident on July 9, 1984, and as a result suffered personal injuries which required medical treatment. Appellee and appellant had in effect at the time of the accident an automobile insurance contract including coverage required by the Florida Automobile Reparation Reform Act. Appellant submitted the required applications for benefits and appellee paid certain medical expenses to treating physicians in the amount of $2,772. However, since August, 1987, appellee has not paid any further medical expenses (approximately $10,000). Appellant filed suit against appellee for the remainder of these expenses and attorney’s fees and costs.
At trial, appellant presented testimony from the doctors who treated her for her injuries caused by the accident. Appellee moved for directed verdict at the end of appellant’s case stating that section 627.-736(l)(a), Florida Statutes (Supp.1984), requires payment for all reasonable expenses for necessary medical and surgical services and appellant did not introduce sufficient evidence as to the reasonable and necessary nature of the expenses claimed by her.
In Garrett v. Morris Kirschman & Co., 336 So.2d 566, 571 (Fla.1976), the court said:
Expert testimony was not required in order to render these medical bills admissible in evidence. Mr. Garrett’s testimony made it a question for the jury to decide, under proper instructions, whether these bills represented reasonable and necessary medical expenses.
We disagree that there is one rule for liability cases and another for actions by the insured against his or her insurer.
ANSTEAD and POLEN, JJ., concur.