[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

Nos. 19-12185, 21-12626, 21-13867

_____

JUAN TORRES,
ALEJANDRO TORRES,

Plaintiffs-Appellees,

*versus*

FIRST TRANSIT, INC.,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:17-cv-81162-BB

_____

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

This appeal concerns whether a bus operator is entitled to a new trial because two jurors gave false answers during the jury selection process. After a jury awarded over $7 million to bus crash victims Juan and Alejandro Torres, the bus operator, First Transit, learned that jurors Y.C. and E.S. had misrepresented their experiences with lawsuits on the jury questionnaire and during *voir dire*. The district court denied First Transit's motion for a new trial, but this Court vacated that decision and instructed the district court to conduct an evidentiary hearing about the jurors' answers. On remand, after hearing evidence, the district court again denied First Transit a new trial. Because the district court committed no clear error when it found that the jurors' answers were honest mistakes, we affirm.

Juan Torres and his nephew, Alejandro Torres, were driving through Boca Raton, Florida when a bus owned and operated by First Transit, Inc. struck their vehicle and severely injured them. First Transit admitted liability. After a three-day trial to determine damages, a jury awarded over $7 million to the men: $4,927,604.38 to Juan Torres and $2,496,261.13 to Alejandro Torres.

First Transit opened an investigation into the jury that led it to the answers given by jurors Y.C. and E.S. at two points during the jury selection process. In a preliminary jury questionnaire, the district court instructed the jurors: "If you and/or a close family member or friend has ever been a party to a lawsuit (i.e., sued someone or been sued by someone) please describe the

circumstances." Y.C. wrote, "N/A," and E.S. wrote, "No." Then, during *voir dire*, First Transit asked the jurors, "Is there anyone that has been involved in a civil lawsuit that has shaped your view either negatively or positively about the legal system that you believe would have an effect on your ability to serve as a fair and impartial juror?" Neither Y.C. nor E.S. responded.

The jurors' answers were inaccurate. Y.C. had been a party to several lawsuits, all foreclosures or debt collections. And E.S. had been a party to several lawsuits, including foreclosures, a debt collection, and a bankruptcy.

One month after the trial, First Transit moved for a new trial or remittitur on two grounds: the jurors' false answers and the alleged excess of the jury award. The district court denied the motion. This Court vacated that denial, remanded the case, and instructed the district court to conduct an evidentiary hearing to determine "whether the jurors made dishonest statements during *voir dire* where a truthful response would have provided a valid basis for a challenge for cause." *Torres v. First Transit, Inc.*, 979 F.3d 876, 887–88 (11th Cir. 2020) ("Torres I").

The district court held a hearing. There, Y.C. explained that she "didn't know [she] had been involved in a lawsuit," which she believed occurred only "where—where people were seeking compensation for pain and suffering, and—like in a car accident or an accident at work, someone getting hurt." Similarly, E.S. said that he "didn't know a hundred percent what a lawsuit was" during jury selection but "it seemed like it would be more criminal, you know, it would be something important." Both jurors declared their impartiality.

The district court again denied First Transit's motion. It credited the jurors' testimony, and it found that the evidence did not establish that the jurors knowingly lied or that their misunderstandings affected their ability to hear the case fairly. Separately, the district court also awarded attorney's fees to the Torres men.

We review a denial of a motion for a new trial or remittitur for abuse of discretion. *Kerrivan v. R.J. Reynolds Tobacco Co.*, 953 F.3d 1196, 1204 (11th Cir. 2020). We review findings of fact for clear error. *CBS Broad., Inc. v. EchoStar Commc'ns Corp.*, 265 F.3d 1193, 1200 (11th Cir. 2001). And we review a decision regarding attorney's fees for abuse of discretion. *Johnson v. Florida*, 348 F.3d 1334, 1350 (11th Cir. 2003).

The district court did not abuse its discretion. The district court found that the false answers given by jurors Y.C. and E.S. were honest mistakes. We do not readily disrupt such a factual finding, and this case is not the exception to that rule.

A movant must satisfy two prerequisites for a new trial based on a juror's incorrect answers. "[T]o obtain a new trial in such a situation, a party must first demonstrate that a juror failed to answer honestly a material question on *voir dire*, and then further show that a correct response would have provided a valid basis for a challenge for cause." *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 556 (1984). "Put simply, if a juror's failure to answer a question honestly suggests that the juror could not have impartially evaluated the evidence at trial and applied it to the law as instructed by the trial judge, then the fairness of the trial has been impugned, and the moving party is entitled to a new trial." *Torres I*, 979 F.3d at 882 (citing *McDonough*, 464 U.S. at 556). The

first part of this test, dishonesty, focuses on a juror's own understanding of her responses during jury selection. *United States v. Perkins*, 748 F.2d 1519, 1531 (11th Cir. 1984). That is, the inquiry goes to the juror's subjective honesty, not the objective truth. *McDonough*, 464 U.S. at 555.

The district court committed no clear error in finding that Y.C. and E.S. believed they were telling the truth during the jury selection process. At worst, the jurors failed to understand that "having been sued" meant "having participated in a lawsuit," despite the language in the jury questionnaire that defined the word "lawsuit." But "jurors are not necessarily experts in English usage" and "may be uncertain as to the meaning of terms which are relatively easily understood by lawyers and judges." *McDonough*, 464 U.S. at 555. A juror's misunderstanding of legalese, without more, is not dishonesty.

Nor did the district court abuse its discretion when it determined that Y.C. and E.S. were not actually or presumptively biased. This Court has upheld a determination that there was no bias even where a juror later admitted he might be partial to a similarly situated defendant. *E.g.*, *United States v. Quilca-Carpio*, 118 F.3d 719, 722 (11th Cir. 1997). In contrast, both Y.C. and E.S. professed their impartiality under oath. Although bias may alternatively be established by "proof of specific facts showing such a close connection to the circumstances at hand that bias must be presumed," *United States v. Carpa*, 271 F.3d 962, 967 (11th Cir. 2001), the only connection here is that jurors Y.C. and E.S. have previously been involved in litigation, and none of their lawsuits resembled the Torreses' suit at all. This wisp of a connection falls well short of the requirements for presumptive bias. So, the district court committed no error or abuse of discretion when it

determined that the jurors were neither dishonest nor biased. Y.C. and E.S.'s false answers do not merit a new trial.

The size of the jury award too does not merit a new trial or remittitur. Despite First Transit's assertions that the award "is unsupported by the evidence" and thus excessive, *see Bould v. Touchette*, 349 So.2d 1181, 1184 (Fla. 1977), First Transit has not established this lack of evidentiary support. To be sure, First Transit presented expert testimony assailing the reasonableness of the Torreses' medical bills. But the men testified that the bills were reasonable. In the light of this disagreement, it was "for the jury to decide . . . whether these bills represented reasonable and necessary medical expenses." *Garrett v. Morris Kirschman & Co.*, 336 So.2d 566, 571 (Fla. 1976). And with respect to the award for the Torres men's future suffering, it is "inherently difficult" to quantify noneconomic damages, so "the jury, guided by its judgment and everyday life experiences, [was] in the best position to make a fair assessment." *Odom v. R.J. Reynolds Tobacco Co.*, 254 So.3d 268, 276 (Fla. 2018) (citation omitted). The jury made its assessment based on what it heard at trial. A judge cannot disrupt that award whenever a jury could have awarded less. The district court acted well within its discretion when it declined to do so. And, because we do not reverse the underlying judgment, we also do not overturn the attorney's fee awards. *Cf. Chang v. JPMorgan Chase Bank, N.A.*, 845 F.3d 1087, 1091 n.1 (11th Cir. 2017).

We **AFFIRM**.