ED SMITH, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion Filed November 22, 1920.

1. The name of the person alleged to have been killed in an information charging manslaughter is a material and essential allegation that must be proved before a conviction can be sustained upon such information.

2. The deceased is referred to in the evidence as a "little girl," and while it is probable that the "little girl" referred to as having been killed was the person alleged in the information to have been killed, an appellate court cannot, in the absence of any proof at all to that effect, infer that such was the case.

A Writ of Error to the Court of Record for Escambia County; C. M. Jones, Judge.

Reversed.

*Walter Kehoe,* for Plaintiff in Error;

*Van C. Swearingen,* Attorney General, and *D. Stuart Gillis,* Assistant, for the State.

WEST, J.—Information was filed by the Acting County Solicitor Philip D. Beall in the Court of Record of Escambia County against plaintiff in error charging him with the crime of manslaughter under the statute. Upon a trial there was a verdict of guilty as charged. From the judgment imposing sentence writ of error was taken.

One question only is presented, namely, the sufficiency of the evidence to support the verdict. In all other re-

spects the evidence is ample, but there is no proof that the person killed is the person alleged in the information to have been killed. The information charges that "the said Ed Smith, did then and there unlawfully, without authority of law, and by and through his own act, procurement and culpable negligence, and with utter disregard for the life and safety of one Mary Ida Bogich, drive said automobile of his culpable negligence, at a high rate of speed and in a negligent, careless and reckless manner into and against the said Mary Ida Bogich, whereby the said Mary Ida Bogich was then and there violently thrown to the ground, and the said Ed Smith in the manner and by the means aforesaid, without authority of law, and by and through his own act, procurement and culpable negligence did then and there give to and inflict upon the said Mary Ida Bogich, in and upon her body and head mortal wounds, bruises and contusions of which said mortal wounds, bruises and contusions so given and inflicted unlawfully without authority of law, and by and through the said act, procurement and culpable negligence of the said Ed Smith, the said Mary Ida Bogich then and there on said day died."

There is ample proof that a "little girl" was killed by plaintiff in error in the manner and by the means alleged in the information, but there is nothing in the evidence to even suggest that the "little girl" whom plaintiff in error is shown to have killed was the person alleged in the information to have been killed by him. The name of the "little girl" is not mentioned by a single witness and there is a total failure to identify by evidence the person actually killed with the person alleged to have been killed. The name of the person alleged to have been killed in an information charging manslaughter is a material and

essential allegation that must be proved before a conviction can be sustained. Underhill on Crim. Ev. (2 ed.) §316, p. 552; 1 Wharton's Crim. Ev. (10 ed.) §94, p. 286; 2 Bish. New Crim. Proc. §65; 1 Elliott on Ev. §200, p. 285; Jacobs v. State, 46 Fla. 157, 35 South. Rep. 65; Humbard v. State, 21 Tex. App. 200, 17 S. W. Rep. 126; Shepherd v. The People, 72 Ill. 480; Davis v. The People, 19 Ill. 74. While it is probable that the "little girl" referred to in the evidence as having been killed was the person alleged in the information to have been killed, we cannot infer, in the absence of any proof at all to that effect, that such was the case. An indictment charging manslaughter of a specifically named person is not proved by evidence of the manslaughter of an unnamed person.

Because of the failure to offer evidence in proof of this essential allegation of a material element of the crime charged the judgment must be reversed and the case remanded for a new trial.

Reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.