388 So.2d 1067 (1980)
Harriett AULETTA and Harry Auletta, Her Husband, Appellants,
v.
Claire Gordon FRIED and Travelers Indemnity Company, a Foreign Corporation, Appellees.
No. 79-236.
District Court of Appeal of Florida, Fourth District.
September 17, 1980.
Rehearing Denied October 28, 1980.
Robert D. Peltz and Rossman & Baumberger, P.A., Miami, for appellants.
David F. Cooney and Gordon James, III of Grimmett, Scherer & James, P.A., Fort Lauderdale, for appellees.
HERSEY, Judge.
Harriett Auletta was injured in an automobile accident involving a two car collision at an intersection. Appellee, Claire Fried, was the driver of the other vehicle involved and she and her insurance carrier were defendants below. Final judgment was entered for the defendants and a motion for a new trial by plaintiffs was denied.
*1068 This appeal by plaintiffs is based upon evidentiary rulings by the trial court each of which is alleged to constitute prejudicial error requiring a new trial.
There were no available eye-witnesses to the accident other than the participants. Each had her own version of the event.
Appellant testified that on the day of the incident she was proceeding westerly on Southeast Seventh Street in Dania, Florida. Upon approaching the intersection to U.S. Highway 1, she stopped behind two other vehicles waiting for a red light to change. In due course she proceeded into the intersection on a green light whereupon her vehicle was struck on the left side by the front of appellee Fried's vehicle.
Appellee indicates that she was proceeding north on U.S. 1 at speeds between 30 and 35 miles per hour. She came to a stop at the stop bar just south of the intersection with Southeast Seventh Street; the light changed and she started to go forward. She observed appellant's vehicle in the intersection just before impact.
Obviously one of the parties' versions of the accident more nearly approximates what actually transpired than the other. The light could not have been green to westbound traffic and green to northbound traffic simultaneously. It was as a result of efforts to resolve this impasse that the evidence objected to became involved.
In an attempt to reconstruct the accident for the jury appellee offered expert testimony as to the vehicles' relative speeds and their configuration and angulation at the time of impact. The opinion of the expert witness was based upon a written estimate of the property damage to appellee's car, one photograph of the damage to appellant's car, some scene measurements (not including distances travelled by the vehicles after impact and not including skid marks) and the location of accident debris. The expert witness testified that he relied most heavily on the first two factors.
The evidence as to the first factor, property damage to appellee's car, was in the form of a written damage estimate presumably prepared shortly after the accident by an unidentified adjuster representing Travelers Insurance Company. This report was introduced into evidence, over objection, through the testimony of appellee's husband, apparently on the basis of some exception to the hearsay rule. The witness, who was unable to testify with any degree of specificity from his own recollection as to items of damage, used the report to refresh his recollection and the report itself was thereafter admitted into evidence.
The rule in Florida is firmly established that unverified out-of-court writings attempted to be introduced for the purpose of establishing the truth of matters contained in the writings constitute hearsay in exactly the same manner as out-of-court oral declarations. Precisely on point here is the following observation of the court in Garrett v. Morris Kirschman & Company, Inc., 336 So.2d 566 (Fla. 1976):
As a corollary to the rules allowing such wide latitude in the choice of writings as mnemonic aids, the writings used to prompt recollection are not necessarily admissible in evidence themselves. If a writing is admissible independently, its use to spur a witness' memory does not disqualify it, but it cannot come into evidence on the coattails of the testimonial recollection it sparks.
Here the report was not prepared by the witness and therefore does not represent past recollection recorded. To the extent that the report refreshed the witness' present recollection, testimony as to the contents of the report was admissible. The report itself, however, constituted hearsay. Pickrell v. State, 301 So.2d 473 (Fla.2d DCA 1974). Its admission was therefore error.
The opinion testimony was based in great part on that hearsay. The expert witness, Dr. Fogarty, testified that his conclusions were derived from consideration of various specific items of damage and the fact that certain parts of the vehicle were not damaged, as well as the fact that some damaged items were repairable while others required replacement. The expert witness applied the energy absorption theory in rendering *1069 his opinion. He pointed out that the depth of penetration into one vehicle by the other (between 8 and 10 inches) was important. This us illustrative of the extent of minute detail required for the energy absorption theory to give reliable results. The witness, Fried, was unable to testify to these matters in detail; therefore, the necessary detail must have been gleaned from the report itself since the report constituted the only evidence of damage to appellee's vehicle. Consequently, the opinion of the expert was tainted. Since it is impossible to determine to what extent the jury relied on the expert testimony in reaching its verdict, a new trial is required.
We have not necessarily concluded that the report, if admissible, furnished an adequate basis, taken in conjunction with the single photograph showing damage to appellant's vehicle, upon which a reliable expert opinion could be based. That issue need not be reached.
Having determined that prejudicial error requires reversal and a new trial we do not treat the additional points raised by appellant.
We reverse the final judgment and remand the cause for a new trial.
REVERSED AND REMANDED.
DOWNEY and ANSTEAD, JJ., concur.