BASKIN, Judge
(dissenting).
I disagree with the majority’s affirmance of the trial court’s refusal to instruct the jury on appellant’s theory of his case.
Joe 0. Young, Jr. was injured on Rickenbacker Causeway as he tried to drive past a car on the drawbridge. His car crossed the concrete median strip and struck an oncoming car. In appellant’s lawsuit to recover damages, he asserted that Greiner Engineering Services, Inc. [Greiner], consulting engineer to Dade County, should have been more forceful in recommending its proposals to remedy the dangerous conditions. Appellant alleged that Greiner remained liable for its own negligence despite negligence on the part of the county and requested jury instructions concerning his theories for establishing Greiner’s liability. The trial court refused to grant appellant’s requests, and a judgment favorable to Greiner resulted.
In Morganstine v. Rosomoff, 407 So.2d 941 (Fla. 3d DCA 1981) this court stated:
When evidence exists to support a litigant’s theory of the ease, he is entitled to a jury instruction to that effect, even though evidence of the opposing party controverts the theory.
*428 Morganstine, 407 So.2d at 943. See also Corbett v. Dade County Board of Public Instruction, 372 So.2d 971 (Fla. 3d DCA 1979), cert. denied, 383 So.2d 1192 (Fla.1980); Menard v. O’Malley, 327 So.2d 905 (Fla. 3d DCA 1976). The requested jury instructions were necessary for an appropriate resolution of the issues and fully met the standards for instructions as to a litigant’s theory of his case. Davis v. Charter Mortgage Co., 385 So.2d 1173 (Fla. 4th DCA 1980).
For these reasons, I would reverse and remand for a new trial.