NESBITT, Judge.
Weinstein appeals an order denying his motion to dismiss and quash service of process. We reverse.
LPI-The Shoppes, Inc. (LPI) sued Wein-stein as guarantor of a commercial lease *521 agreement which LPI had with Video X-tron. The return of service indicated that on January 17, 1985 service was perfected on Tom Reynolds, whose real name is Michael Guistiani, as the roommate of Wein-stein. Weinstein moved to dismiss and quash service of process. Attached to the motion was an affidavit in which Guistiani swore that Weinstein had not lived with him since November 1984, and that he was not living with him on January 17, 1985.
At the hearing on the motion to dismiss, the trial court allowed the process server, over a hearsay objection, to testify as to what Guistiani had told him when he served the process. Certain answers which Guistiani gave implied that the residence served was Weinstein’s home. When the process server asked Guistiani if he was Weinstein’s roommate, Guistiani replied by saying: “I’m Tom Reynolds.” At the conclusion of the hearing, the trial judge denied Weinstein’s motion to dismiss and quash service of process.
LPI asserts that the process server’s testimony is not hearsay under section 90.-801(2){c), Florida Statutes (1983). We disagree. That section indicates that a statement of identification of a person made after perceiving him is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination about the statement. The section clearly does not apply in this case. There was no statement of identification made by the process server at the time that he served the process. The only statement of identification made was Guistiani’s identification of himself as Tom Reynolds.[1] Since there was no statement of identification made of a person after perceiving him, there was no statement made which qualifies as “not hearsay” under section 90.801(2)(e). Consequently, all of the process server’s testimony regarding what Guistiani had told him was hearsay. See Cullimore v. Barnett Bank, 386 So.2d 894 (Fla. 1st DCA 1980) (process server’s testimony as to what others told her was inadmissible hearsay). Since there was no competent testimony establishing that the address served was Weinstein’s usual place of abode, see § 48.031, Fla.Stat. (1983), Guistiani’s affidavit stands uncontradicted. Accordingly, the order denying the motion to dismiss and quash service of process is reversed without prejudice to further evidentiary hearings on the subject.
Reversed and remanded.

. The section is meant to apply to situations where one person makes a statement identifying another person after perceiving him. When that occurs the statement of identification is not hearsay, and is admissible, if the declarant (the person making the identifying statement) testifies at the trial or hearing and is subject to cross-examination. Compare Brown v. State, 413 So.2d 414 (Fla. 5th DCA 1982) (statement of identification admissible where declarant testifies at trial and is subject to cross-examination) with Lyles v. State, 412 So.2d 458 (Fla.2d DCA 1982) (statement of identification inadmissible hearsay where declarant does not testify at trial).