PER CURIAM.
Bernard and Victoria Zimmerman appeal an order finding that they were properly served in New Jersey actions filed by Greate Bay Hotel and Casino, Inc. We reverse.
At the hearing on Zimmermans’ action contesting the New Jersey court’s jurisdiction, § 55.509, Fla.Stat. (1993), the process server testified that he went to the Zimmer-mans’ residence and served a person who identified himself as Scott Sanders, the Zim-mermans’ nephew, who resided at that address. The process server recounted Sanders’ responses upon being served. The Zimmermans stated that Sanders was not their nephew, but rather, he was a repairman who did not reside there.
The Zimmermans correctly argue that the court erred in admitting the process server’s testimony as to Sanders’ statements.[1] Contrary to Greate Bay’s contention, that testimony is inadmissible hearsay and does not fall within section 90.801(2)(c), Florida Statutes (1995). As stated by this court in Weinstein v. LPI-The Shoppes, Inc., 482 So.2d 520, 521 (Fla. 3d DCA 1986), section 90.801(2)(c) “indicates that a statement of identification of a person made after perceiving him is not hearsay if the declarant testifies at the trial or hearing and is subject to cross-examination about the statement.” Here, the process server did not testify as to his identification of Sanders. Instead, he testified as to Sanders’ remarks when he served Sanders the process. Sanders did not testify at trial and was not subject to cross-examination. The court should have sustained the Zimmermans’ objection to that evidence. Weinstein, 482 So.2d at 520. The court’s consideration of that testimony in finding that service was proper requires reversal and remand for a new hearing.
*1161 Accordingly, the order is reversed, and the cause remanded for proceedings consistent with this decision.
Reversed and remanded.

. On appeal, the Zimmermans do not raise any issue whether the returns are facially regular. At oral argument, however, they contended that the affidavit of service on Mrs. Zimmerman inaccurately reflects that Sanders was personally known to the process server. A review of the affidavit indicates that the "personally known” indication is part of the notary's stamp and not the process server’s averments. Therefore, their contention is without merit.