870 So.2d 149 (2004)
Dean TORRES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-3311.
District Court of Appeal of Florida, Second District.
January 16, 2004.
Robert R. Jacobs, II, Public Defender, and Timothy E. Moffitt, Assistant Public Defender, Fort Myers, for Appellant.
Stephen B. Russell, State Attorney, and Carrie Ann Pollock, Assistant State Attorney, Fort Myers, for Appellee.
CASANUEVA, Judge.
Held in contempt and sentenced to a suspended jail sentence and administrative probation for violation of an injunction for protection against repeat violence, Dean Torres contends that the trial court erred in basing its finding solely on inadmissible hearsay. We agree with Mr. Torres that the evidence was legally insufficient for the trial court to find that he violated the injunction and reverse.
The injunction in this case was in effect to protect the daughter of the complaining witness, Donald Cramer, who was the only person called to testify in the State's case. Mr. Cramer testified that when he answered the telephone, a male voice asked for his daughter by name. Not recognizing the voice, Mr. Cramer gave the phone to his daughter, who then had a conversation with that person. Subsequently, Mr. Cramer became concerned; shortly after she received the call his daughter "became missing." Mr. Cramer filed a report and *150 gave the police the phone number of that call from his caller I.D.
At this point in the trial the assistant state attorney posed a series of questions to which objections were sustained, all of which dealt with how the Cape Coral Police Department handled the information Mr. Cramer gave them. For example, when the State asked whether Dean Torres was ever determined to be the person who made the call, a hearsay objection was sustained. Mr. Cramer then went on to testify that he did not know if the Cape Coral police had contacted the defendant; however, he filed an affidavit for violation of the injunction based on information he received from the Cape Coral Police Department. Although the trial court sustained a hearsay exception to a question asking why Mr. Cramer believed the person on the telephone was Dean Torres, Mr. Cramer was permitted to testify, over objection, as follows: "I had been hearing reports of a Poppy calling and being calling her; and so when I heard the phone conversation, stated the name was Poppy, and I guess I put two and two together and...." A defense motion to strike was overruled, and the State went on to elicit from Mr. Cramer that the person who called identified himself as Poppy. Over objection, Mr. Cramer stated that he "learned that Poppy was Dean Torres."
This recitation of the evidence demonstrates that the court permitted the State to evade the proscription against hearsay when it allowed Mr. Cramer to testify that he "had been hearing reports of a Poppy calling" and that he "learned that Poppy was Dean Torres." Even though Mr. Cramer did not testify as to any specific out-of-court statements, this is a distinction without a difference: it is apparent that the State's sole witness possessed no independent knowledge concerning the identity of the person who called the Cramer household on the date alleged.
Without the impermissible hearsay, the evidence was insufficient to find that Mr. Torres violated the injunction against repeat violence. Accordingly, we reverse and remand with directions to discharge the defendant.
Reversed and remanded.
ALTENBERND, C.J., and NORTHCUTT, J., Concur.