VILLANTI, Judge.
Demetrius Riggins appeals his convictions for escape, driving while license suspended or revoked as a habitual traffic offender, resisting arrest without violence, operating an unregistered vehicle, and unlawful use of a temporary tag. We affirm in part and reverse in part.
On August 18, 2008, Sergeant Burgess, an officer with the Office of Motor Carrier Compliance of the Department of Transportation, stopped the car Riggins was driving because Burgess saw that it had what appeared to be an expired temporary tag.[1] When Burgess asked Riggins for his driver’s license, registration, and insurance, Riggins produced only a Florida identification card.[2] From Riggins’ Florida ID card and the vehicle identification *246 number (VIN) obtained from the car Rig-gins was driving, Burgess determined that Riggins’ driver’s license was suspended and that the car he was driving was not properly registered. When Burgess began to place Riggins under arrest for driving on a suspended license, Riggins broke away, ran to another vehicle, got in, and rode away. Riggins was later arrested and charged with multiple offenses.
Following a jury trial, Riggins was found guilty as charged. We affirm Rig-gins’ convictions for escape, driving while license suspended or revoked as a habitual traffic offender, and resisting arrest without violence without comment. However, we must reverse Riggins’ convictions for operating an unregistered vehicle and unlawful use of a temporary tag because the only evidence supporting these convictions was inadmissible hearsay.
I. Operating an Unregistered Vehicle
Section 320.02(1), Florida Statutes (2008), requires that every owner or “person in charge of a motor vehicle that is operated or driven on the roads of this state” register the vehicle. Section 320.57(1) provides that any person convicted of violating any of the provisions of chapter 320 is guilty of a second-degree misdemeanor unless otherwise provided. To convict Riggins of the second-degree misdemeanor of operating an unregistered vehicle, the State had to prove by legally sufficient evidence that the vehicle Riggins was driving was not, in fact, registered in this state.
At trial, the only evidence offered to prove this element of the offense was Burgess’s testimony that he had run Riggins’ car’s VIN through the FCIC/NCIC database on his in-car computer and had determined from the information provided by that database that Riggins’ car “wasn’t registered properly.” Riggins objected to this testimony on hearsay grounds, arguing that Burgess’s testimony as to what the FCIC/NCIC database “said” was hearsay. In response, the State argued that this testimony fell within the hearsay exception for either absence of an entry in public records or absence of an entry from business records. The State did not offer any evidence in the form of a certified printout from FCIC/NCIC to support Burgess’s testimony. The trial court overruled Riggins’ objection, which was error for two reasons.
First, Burgess’s testimony does not fall within the hearsay exception for “[ajbsence of public record or entry.” That hearsay exception allows for the admission of
[ejvidence, in the form of a certification in accord with s. 90.902, or in the form of testimony, that diligent search failed to disclose a record, report, statement, or data compilation or entry, when offered to prove the absence of the record, report, statement, or data compilation or the nonoccurrence or nonexistence of a matter of which a record, report, statement, or data compilation would regularly have been made and preserved by a public office and agency.
§ 90.803(10), Fla. Stat. (2008). Here, the State did not offer into evidence either a certification in accord with section 90.902 or testimony from someone with knowledge that a diligent search failed to disclose any record, report, statement, or data compilation or entry. While it is possible that an officer might be able to provide such testimony of diligent search in some cases, the testimony presented here did not satisfy that requirement. Burgess specifically testified that he could have checked another database “to query more information as far as title history, registration history, other tags that might be associated with certain vehicles,” but he did not. Given this admission, Burgess *247 cannot be said to have performed a “diligent search” that failed to disclose a record that should have been made and preserved. Thus, Burgess’s testimony was not admissible under the hearsay exception for absence of information from a public record.
Second, Burgess’s testimony does not fall into the related exception for absence of an entry from business records. Section 90.803(7) provides:
Evidence that a matter is not included in the memoranda, reports, records, or data compilations, in any form, of a regularly conducted activity to prove the nonoccurrence or nonexistence of the matter, if the matter was of a kind of which a memorandum, report, record, or data compilation was regularly made and preserved, unless the sources of information or other circumstances show lack of trustworthiness.
To admit evidence under this section, “it must be shown that the records were kept in accordance with section 90.803(6) and in such a manner that the fact would have been recorded if it had occurred. It is necessary to call a witness to testify to the required foundation.” Rae v. State, 638 So.2d 597, 598 n. 3 (Fla. 4th DCA 1994); see also Garcia v. State, 564 So.2d 124, 128 (Fla.1990) (finding that trial court improperly excluded payroll records on hearsay grounds when the records would have supported the defendant’s defense and when the records custodian for the payroll records would have testified as to how the payroll records were maintained). Here, the State called no witness who could establish this required foundation.
We note that the State could have obtained a certification from the Department of Highway Safety and Motor Vehicles to establish that there was no record of a proper registration of Riggins’ car on the date in question. The State could also have called a witness to testify as to how the FCIC/NCIC records were maintained and to testify that a diligent search of its database did not turn up any registration for Riggins’ car. However, Burgess’s testimony that he accessed the FCIC/NCIC database and did not find any registration for Riggins’ car, standing alone, is hearsay when offered to prove that the car was not actually registered, and the testimony does not fall into any exception to the hearsay rule. Therefore, the trial court should have sustained Riggins’ hearsay objection. Moreover, since this legally insufficient evidence was the only evidence offered to prove that Riggins was operating an unregistered vehicle, the trial court should have granted Riggins’ motion for judgment of acquittal on this charge. Accordingly, we must reverse this conviction and sentence.
II. Unlawful Use of a Temporary Tag
Riggins also contends that the trial court erred by overruling his hearsay objection to Burgess’s testimony concerning the expiration date that was written on the temporary tag affixed to the car Riggins was driving at the time of the stop. Rig-gins argues that because this evidence was improperly admitted and was the only evidence offered to support the charge of unlawful use of a temporary tag, his conviction for this offense should be reversed. For reasons similar to those discussed above, Riggins is correct on this issue as well.
Section 320.131(2) provides for the issuance of temporary license tags for motor vehicles in certain instances. Such tags are valid for thirty days. Section 320.131(3) makes it a noncriminal traffic infraction to display a temporary tag that has been expired for less than seven days. The same section makes it a second-degree misdemeanor to display a temporary tag *248 that has been expired for seven days or more. Thus, to prove the misdemeanor offense, the State must prove both the actual expiration date of the temporary tag and the date of the traffic stop to establish that the necessary time frame has elapsed.
Here, the State alleged that the temporary tag affixed to Riggins’ vehicle “showed” an expiration date that was more than seven days prior to the date of the stop. It supported this charge with the testimony of Burgess, who testified that the expiration date written on the tag was July 22, 2008, and that he stopped Riggins on August 18, 2008. Riggins objected to Burgess testifying as to the expiration date written on the tag on hearsay grounds. The trial court overruled the objection, which was error.
As Riggins points out, the definition of hearsay includes “written assertion[s]” that are “offered in evidence to prove the truth of the matter asserted.” § 90.801(1). Thus, “[t]he unverified writing of a third person, like the ordinary speech of a third person, is hearsay.” Garrett v. Morris Kirschman & Co., 336 So.2d 566, 569 (Fla.1976); see also Pickrell v. State, 301 So.2d 473, 474 (Fla. 2d DCA 1974) (holding it was error to allow a police officer to testify that he had “teletype[d] Tallahassee for the name of the owner of the vehicle” and “the tag was identified as belonging to appellant” because such evidence was inadmissible hearsay about the unverified contents of a teletype); Auletta v. Fried, 388 So.2d 1067, 1068 (Fla. 4th DCA 1980) (“[Ujnverified out-of-court writings attempted to be introduced for the purpose of establishing the truth of matters contained in the writings constitute hearsay in exactly the same manner as out-of-court oral declarations.”).
In this case, the date written on Riggins’ temporary tag was an out-of-court written assertion from an unknown person regarding the date the temporary tag was to expire. Burgess’s testimony concerning that alleged date was testimony repeating that out-of-court statement in an effort to prove the truth of the matter asserted, i.e., that the date he saw written on the temporary tag was, in fact, its expiration date. Thus, the testimony concerning that date was hearsay that does not fall within any of the recognized hearsay exceptions, and it should have been excluded.
In this appeal, the State argues that it will be unable to effect valid traffic stops if it cannot use this testimony and that it will be unable to enforce the law regarding temporary tags. We disagree. To support the validity of a traffic stop, an officer may testify that a tag was expired without having to relate the specific date asserted on the tag. In those instances, the officer’s testimony is not offered to prove the truth of the matter asserted, i.e., that the tag is, in fact, expired. Instead, the testimony in that instance is offered to show only that the officer had a reasonable basis for effecting the stop. It is only when the actual expiration date of the tag is necessary to prove an element of the charged offense that testimony concerning the date written on the tag becomes inadmissible hearsay.
Further, this ruling does not hamper the State’s ability to enforce the law regarding expired temporary tags. The State may continue to enforce that law by obtaining proper documentation from the Department of Highway Safety and Motor Vehicles in admissible form to show the issuance and expiration dates of a temporary tag if, as in this case, it needs to prove the actual date of issuance and/or expiration.
As to this charge against Riggins, Burgess’s testimony concerning the expiration date written on the temporary tag was inadmissible hearsay because it was of *249 fered exclusively to prove the truth of the matter asserted in the writing, i.e., that the date written on the tag was the true expiration date of the tag. Therefore, the trial court should have sustained Riggins’ hearsay objection. Moreover, since this legally insufficient evidence was the only evidence offered to prove that Riggins was unlawfully using a temporary tag, the trial court should have granted Riggins’ motion for judgment of acquittal on this charge. Accordingly, we reverse this conviction and its sentence.
Affirmed in part and reversed in part.
DAVIS and MORRIS, JJ., Concur.

. Officers working for the Office of Motor Carrier Compliance within the Department of Transportation are sworn law enforcement officers. While their primary duties involve regulation of commercial vehicles, they have the authority to issue traffic citations and effect arrests just like any other law enforcement agency in the state.

. Section 322.051, Florida Statutes (2008), authorizes the Department of Highway Safety and Motor Vehicles to issue an identification card either in addition to or in lieu of a driver’s license upon satisfactory proof of identity and date of birth. While a Florida ID card looks very similar to a Florida driver’s license and may be a substitute for proving identity, see § 322.051(7), it is not a substitute for proving authority to operate a motor vehicle.