GROSS, J.
At the trial of this crime against a person, the trial court erred in allowing hearsay evidence alone to establish the -victim’s identity.[1] Because there was not competent evidence of the victim’s identity, we reverse and remand for a new trial.
Appellant was charged with felony battery, which involves a defendant’s commission of a misdemeanor battery under section 784.03(l)(a), Florida Statutes (2010), where the defendant has a prior battery conviction. See § 784.03(2) Fla. Stat. (2010). The information charged that Hol-borough did
actually and intentionally touch or strike Andrea Berube against her will or intentionally caused bodily harm to Andrea Berube, and had been previously convicted of Battery in Broward County.
At trial, Andrea Berube did not testify. A neighbor said he saw appellant striking a female as she was seated on the ground. A police officer who responded to the scene saw appellant straddling a woman who was face down and covering her face; appellant was repeatedly hitting the woman. The officer arrested appellant for domestic battery.
At trial, the prosecutor asked the arresting officer if he was able “to find out the identity of that female that [he] saw beaten.” The defense raised a hearsay objection, which the court overruled. After twice “refreshing his recollection” with the police report, the officer identified the victim as “Andrea Berube.” Questioning by the court revealed that the officer based his identification on “a Florida ID” that the woman displayed to him.
*223 The identification of the victim in this case was based on inadmissible hearsay. First, the State did not show that the officer had “personal knowledge” of the victim’s identity apart from her display of a “Florida ID” to him. See § 90.604, Fla. Stat. (2010). Hearsay is “a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” § 90.801(l)(c), Fla. Stat. (2010). The victim’s “Florida ID” was an out-of-court statement. Even if the ID qualified as a public record for the purpose of the section 90.803(8) exception to the hearsay rule for public records, the officer’s in-court testimony about what the ID said was hearsay falling under no exception. See § 90.805, Fla. Stat. (2010). The officer’s testimony was offered for the truth of the matter asserted on the ID — that the photograph of the victim depicted on the license was Andrea Berube.
The State cannot avoid the application of the hearsay rule because the officer testified indirectly about what he learned from the woman and her ID. “[Ejven if the actual statement made by the non-testifying witness is not repeated, references to the statement are inadmissible if the ‘inescapable inference ... is that a non-testifying witness has furnished the police with evidence of the defendant’s guilt.’ ” Florence v. State, 905 So.2d 989, 990 (Fla. 4th DCA 2005) (quoting Schaffer v. State, 769 So.2d 496, 499 (Fla. 4th DCA 2000)); accord Cedillo v. State, 949 So.2d 339, 341 (Fla. 4th DCA 2007); Torres v. State, 870 So.2d 149, 150 (Fla. 2d DCA 2004); Diaz v. State, 62 So.3d 1216, 1217 (Fla. 5th DCA 2011).
The statement of one person to another as to his identity is hearsay that does not fall under the section 90.801(2)(c) exclusion from hearsay for statements of “identification of a person made after perceiving the person.” See Charles W. Ehrhardt, Florida Evidence § 801.9, at 836 n. 1 (2012 ed.). Thus, in Weinstein v. LPI-The Shoppes, Inc., 482 So.2d 520 (Fla. 3d DCA 1986), a process server attempted service on a person as a roommate of the defendant. Id. at 521. At a hearing concerning the sufficiency of service, the process server testified about how the person served both identified himself and described his relationship to the defendant. Id. The Third District held that “all of the process server’s testimony regarding what [the served person] had told him was hearsay” that did not qualify as non-hearsay under section 90.801(2)(c). Id.; see Zimmerman v. Greate Bay Hotel & Casino, Inc., 683 So.2d 1160 (Fla. 3d DCA 1996).
Another issue in this case is whether the identity of the victim was an essential element of the crime charged that the State was required to prove beyond a reasonable doubt. We conclude that it was.
It is well established in Florida law that for crimes against persons, the name of the person victimized is an essential element of the crime that the State must prove beyond a reasonable doubt in a criminal prosecution.[2] The dual rationale for this rule is that it “inform[s] the defendant of the charge against him and ... protects] him against another prosecution for the same offense.” Raulerson v. State, 358 So.2d 826, 830 (Fla.1978).
*224 Jacobs v. State, 46 Fla. 157, 35 So. 65 (1903), is an early case establishing the identity of the victim as an essential element of a crime against a person. There the defendant was charged with “carnal abuse of a female child.” Id. at 65. The indictment charged the offense to have been committed on “Rosa Lee Nelson.” Id. At trial, the evidence showed that the victim’s name was “Rosa Lee Ann” and there was no testimony showing that she was also known as “Rosa Lee Nelson” or “Rosa Lee Ann Nelson.”[3] Id. The Supreme Court reversed the conviction for a new trial, holding that
[t]here was no proof that she was known by the surname of ‘Nelson,’ as alleged in the indictment. The name of the person assaulted, as alleged in the indictment, was an essential element in the legal description of the offense, and the failure to prove it as laid is fatal to the conviction had.
Id. (citations omitted).
The supreme court followed the rule from Jacobs in Smith v. State, 80 Fla. 710, 86 So. 640 (1920), a case where the State charged the defendant with manslaughter. The charging document identified the victim as “Mary Ida Bogich.” Id. at 640. Although there was “ample proof’ that a “little girl” was killed by the defendant, there was “nothing in the evidence to even suggest that the ‘little girl’ whom [the defendant] killed was the person alleged in the information....” Id. Pointing to “the failure to offer evidence in proof of this essential allegation of a material element of the crime charged,” the Supreme Court reversed for a new trial, explaining that
[t]he name of the person alleged to have been killed in an information charging manslaughter is a material and essential allegation that must be proved before a conviction can be sustained. While it is probable that the ‘little girl’ referred to in the evidence as having been killed was the person alleged in the information to have been killed, we cannot infer, in the absence of any proof at all to that effect, that such was the case. An indictment charging manslaughter of a specifically named person is not proved by evidence of the manslaughter of an unnamed person.
Id. (citations omitted). More recent cases involving crimes against persons have applied the rule of Jacobs and Smith. See, e.g., Lattimore v. State, 202 So.2d 3 (Fla. 3d DCA 1967) (involving aggravated assault); Jacob v. State, 651 So.2d 147 (Fla. 2d DCA 1995) (involving robbery and battery).
In this case, without the officer’s hearsay testimony, there was no proof as to the identity of the victim, an essential element of the crime of battery. Had the trial court ruled correctly on the defendant’s hearsay objection, the State might have been able to establish identity by another means. We therefore reverse and remand for a new trial, the remedy employed by the supreme court in Jacobs and Smith.
CIKLIN and GERBER, JJ., concur.

. The State has conceded error on this point.

. The rule is different for some crimes against property. In Hearn v. State, 55 So.2d 559, 561 (Fla.1951) (en banc), the Supreme Court held that
[t]he names of the owners of the stolen property constitute no part of the offense. They are stated in the information primarily as a matter of description for the purpose of identification and to show ownership in a person or persons other than the accused.

. The Florida Supreme Court has emphasized that only a "material variance between the name alleged and that proved is fatal.” Snipes v. State, 733 So.2d 1000, 1004 (Fla. 1999); see also Branch v. State, 94 Fla. 286, 115 So. 143, 144 (1927); Brown v. State, 888 So.2d 130, 131 (Fla. 4th DCA 2004).