ON MOTION FOR REHEARING

TAYLOR, J.
We grant the state’s motion for rehearing, withdraw our previous opinion issued on May 1, 2018, and substitute the following written opinion in its place.
The defendant, Larry Douglas Jones, initiated online contact with the sixteen-year old victim through MySpace. After exchanging messages through MySpace, the defendant and the victim eventually met in person. The defendant took the victim back to his apartment, where they engaged in sexual intercourse. They continued to communicate online and engaged in sexual relations on two other occasions. When the victim’s mother found out about their relationship, she contacted the police. The police investigated and arrested the defendant after determining from his driver’s license that he was thirty-seven years old. The defendant was charged with three counts of unlawful sexual activity with a minor by a person 24 years of age or older, in violation of section 794.05(1), Florida Statutes (2008).
At trial, the state sought to prove the defendant’s age through the testimony of the arresting officer, who gathered the information from the defendant’s driver’s license. During direct examination of the officer, the state elicited the following testimony:
STATE: Now, Detective, you were actually the person who arrested [the Defendant] in regards to this particular case, is that right?
DETECTIVE: Yes, sir.
STATE: All right. When [the Defendant] was arrested, did you, for purposes of arresting him, take down his name, date of birth, address, social security number, things like that?
DETECTIVE: Yes, sir.
STATE: And did he, in fact, give you [his name]?
DETECTIVE: Yes, sir.
STATE: And did he give you his date of birth?
DETECTIVE: I believe we go[t] that off his driver’s license that [was] on his person.
STATE: Was that handed to you for purposes of the arrest?
DETECTIVE: At the arrest, yes.
STATE: Okay. And what was his date of birth, please?
At this point, the defendant objected. He argued that the officer’s testimony regarding the defendant’s age was inadmissible hearsay. The state responded that the defendant’s act of handing over his driver’s license to the officer, as well as his possession and use of a driver’s license contain *624 ing his date of birth, was an admissible adoptive admission by a party opponent.[1] The trial court agreed and overruled the defendant’s objection. The state then asked the arresting officer, “the defendant handed you his driver’s license?” The officer responded, “[w]e procured his driver’s license from the wallet that was on his person.” The officer then testified as to the date of birth on the defendant’s driver’s license.
The jury found the defendant not guilty on the first two counts and guilty as charged on the third count. The score-sheet included 80 points for penetration. The trial court sentenced the defendant to twelve years in prison. The defendant now appeals his conviction and sentence.
A trial court’s ruling on the admissibility of evidence is reviewed for an abuse of discretion, but the court’s interpretation of the evidence code is reviewed de novo. Barcomb v. State, 68 So.3d 412, 414 (Fla. 4th DCA 2011).
A statement is admissible as an adoptive admission if it is offered against a party and if that party “has manifested an adoption or belief in its truth.” § 90.803(18)(b), Fla. Stat. (2011). Stated another way, “[w]hen an adverse party manifests a belief in or adopts the statement of another person as his or her own, the statement is treated as an adoptive admission under section 90.803(18)(b).” 1 Charles W. Eh-rhardt, Florida Evidence § 803.18b (2012 ed.). An adoptive admission occurs either when there is- a direct expression by the adverse party assenting to the statement of another or when the conduct of the adverse party circumstantially indicates the party’s assent to the truth of the statement. Id.
Although there do not appear to be any cases in Florida that directly address whether the information obtained from a party’s driver’s license may be admissible against the party as an adoptive admission, there are federal cases and cases from other states that provide useful guidance on this issue.
In applying the rule on adoptive admissions, “courts frequently have construed possession of a written statement as an adoption of what its contents reveal.” United States v. Paulino, 13 F.3d 20, 24 (1st Cir.1994). “[S]o long as the surrounding circumstances tie the possessor and the document together in some meaningful way, the possessor may be found to have adopted the writing and embraced its contents.” Id. Accordingly, writings in a defendant’s possession are admissible as adoptive admissions where the surrounding circumstances indicate that the defendant manifested an adoption of them. See United States v. Ospina, 739 F.2d 448, 451 (9th Cir.1984) (holding that business cards and a hotel receipt in the defendant’s possession were admissible as adoptive admissions where the defendant acted on the information therein); United States v. Marino, 658 F.2d 1120, 1124-25 (6th Cir.1981) (finding in a prosecution for conspiracy to import cocaine that airline tickets, hotel bill receipts, and other documents found in the defendant’s possession were admissible as adoptive admissions); State v. Draganescu, 276 Neb. 448, 755 N.W.2d 57, 79-81 (2008) (finding that an airline ticket stub was admissible as an adoptive admission based on its location in the defendant’s pocket and the fact that it bore his name).
Recently, the Court of Appeals of Maryland held that a trial court did not err in finding that a defendant, who presented his driver’s license to a detective, manifested an adoption or belief in the truth of the *625 information listed on the license, including the defendant’s date of birth. See Gordon v. State, 431 Md. 527, 66 A.3d 647 (2013). Similarly, the trial court in the instant case did not err in admitting the testimony of the police officer, who had the opportunity to examine the defendant’s driver’s license and saw the defendant’s date of birth.
We note that in Gordon there was no dispute that the defendant voluntarily handed over his driver’s license to the police. Here, by contrast, it is not clear from the arresting officer’s testimony how the officer came into possession of the defendant’s license. His testimony was vague on this point. He initially responded that the defendant handed him his driver’s license during the arrest, but he later testified that “[w]e procured his driver’s license from the wallet that was on his person.”
Nonetheless, even if the defendant did not voluntarily hand over his license to the officer, the information on the license may still be considered an adoptive admission. A driver’s license is not passively carried; it is carried for identification purposes and to prove authorization to operate a motor vehicle. Thus, a defendant’s possession of his driver’s license should constitute an adoption of what its contents reveal.
The cases relied upon by the defendant are distinguishable. In Holborough v. State, 103 So.3d 221, 222-23 (Fla. 4th DCA 2012), we held that the trial court erred in allowing an arresting officer to testify as to the victim’s identity, which he learned after viewing her Florida identification. However, in that case, the victim was not a party, so the information on the victim’s identification card could not be admitted as an adoptive admission.
Likewise, the defendant’s reliance upon Riggins v. State, 67 So.3d 244, 248 (Fla. 2d DCA 2010), is misplaced. There, the Second District held that an officer’s testimony about the date written on a defendant’s temporary license tag was inadmissible hearsay, reasoning that “the date written on the [defendant’s] temporary tag was an out-of-court written assertion from an unknown person regarding the date the temporary tag was to expire.” However, in Riggins, the assertion on the temporary tag was by an “unknown person.” Moreover, the expiration date on a temporary tag is not necessarily information that the defendant would know offhand, so a defendant’s mere possession of a temporary tag does not establish an adoption of the information in the tag. Here, by contrast, a driver’s license is a government document issued pursuant to the applicant’s request, and the information contained on the license does not come from an “unknown person.” Instead, an applicant for a driver’s license must swear to the truth of the statements made in the application and must provide independent proof of his or her date of birth. § 322.08(1), (2), Fla. Stat. (2008). Thus, a party’s act of carrying a driver’s license provides a much stronger tie to the contents of the information contained therein.
Because the date of birth on the defendant’s driver’s license was admissible as an adoptive admission of the defendant, we conclude that the trial court did not abuse its discretion in allowing the police officer to testify concerning the defendant’s date of birth as it appeared on his driver’s license.
The defendant also argues that the trial court erred in adding 80 points for penetration to his scoresheet when the verdict form did not allow the jury to distinguish between “penetration” and “union with” as charged. This argument lacks merit. We have previously held that “[w]hen sentencing for a sexual offense, these are the types of facts judges have *626 traditionally taken into consideration, even though they might come from observations at a trial or from a presentence investigation.” Neira v. State, 847 So.2d 1134, 1136 (Fla. 4th DCA 2003).
For the reasons stated above, we affirm the defendant’s conviction and sentence in this case.

Affirmed.

CONNER, J., concurs.
MAY, J., dissents with opinion.

. The state did not have a certified copy of the driver’s license.