MAY, J.,
dissenting.
I respectfully dissent. The defendant’s age was an element of the crime charged. The State proved that element by having a law enforcement officer testify to the date of birth shown on the defendant’s driver’s license at the time of arrest. I agree with the defendant that the trial court erred in allowing the State to rely on this hearsay testimony to establish his age as an element of the crime.
The State charged the defendant with three counts of unlawful sexual activity with a minor by a person twenty-four years of age or older. During direct examination of the arresting officer, and over a defense hearsay objection, the State elicited that the officer had obtained the defendant’s date of birth from his driver’s license. The driver’s license was not introduced into evidence. The State maintained the defendant’s date of birth on his driver’s license was not hearsay because it became an admission by the defendant when he gave his license to the officer. The trial court agreed with the State and allowed the testimony.
At the close of the State’s case, the defendant moved for judgment of acquittal, arguing that — absent the officer’s hearsay testimony concerning the defendant’s driver’s license — the State failed to prove the defendant’s age. The trial court denied the motion. The jury found the defendant not guilty on the first two counts and guilty as charged on the third count.
Our evidence code defines hearsay as “a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.” § 90.801(l)(c), Fla. Stat. (2008). Hearsay also includes “written assertion[s]” that are “offered in evidence to prove the truth of the matter asserted.” §§ 90.801(l)(a)l, 90.801(l)(c), Fla. Stat. (2008). Here, it is the officer’s testimony that constituted inadmissible hearsay.
In Holborough v. State, 103 So.3d 221 (Fla. 4th DCA 2012), we held that the trial court abused its discretion in allowing an arresting officer to testify as to the victim’s identity, which he learned after viewing her Florida ID. Holborough, 103 So.3d at 223. In so holding, we explained:
The identification of the victim in this case was based on inadmissible hearsay. First, the State did not show that the officer had “personal knowledge” of the victim’s identity apart from her display of a “Florida ID” to him.... The victim’s “Florida ID” was an out-of-court statement. Even if the ID qualified as a public record for the purpose of the section 90.803(8) exception to the hearsay rule for public records, the officer’s in-court testimony about what the ID said was hearsay falling under no exception.
Id. (citations omitted).
In a similar context, the Second District found error in the admission of an officer’s testimony about the date written on a defendant’s temporary license tag. Riggins v. State, 67 So.3d 244, 248 (Fla. 2d DCA 2010). The court explained that such testimony was inadmissible hearsay and did not fall within any recognized exception, because “the date written on the [defen *627 dant’s] temporary tag was an out-of-court written assertion from an unknown person regarding the date the temporary tag was to expire.” Id.
Here, the driver’s license was an out-of-court statement. The officer did not show that he had “personal knowledge” of the defendant’s age apart from having read the defendant’s driver’s license. And his testimony did not fall within a recognized exception to thé hearsay rule.
Yet, the State suggests, and the majority agrees, that the defendant’s act of handing his license to law enforcement when ordered was an adopted admission of his age. An adopted admission is “[a] statement of which the party [against whom the statement is offered] has manifested an adoption or belief in its truth.” § 90.803(18)(b), Fla. Stat. (2008). An adopted admission can “occur when the conduct of an adverse party circumstantially indicates the party’s assent to the truth of a statement made by another person.” 1 Charles W. Ehrhardt, Florida Evidence § 803.18b (2012 ed.).
The majority believes the defendant’s conduct of handing his license to the officer upon request indicated his assent to the truth. But the majority must rely on federal and out-of-state cases to support this premise. See, e.g., Gordon v. State, 431 Md. 527, 66 A.3d 647 (2013); State v. Draganescu, 276 Neb. 448, 755 N.W.2d 57 (2008); United States v. Ospina, 739 F.2d 448 (9th Cir.1984). No Florida case has gone that far. In fact, as noted above, Florida has been consistent in not converting documents found on the possession of the defendant into adoptive admissions. For that reason, I disagree with the majority, find no admission here, and would reverse.