


FILED
Jun 24 2024, 9:02 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# IN THE
# Court of Appeals of Indiana

Gregory Freeman,

*Appellant-Defendant*

v.

State of Indiana,

*Appellee-Plaintiff*

---

June 24, 2024

Court of Appeals Case No.
23A-CR-2503

Appeal from the Marion Superior Court

The Honorable Mark Stoner, Judge

Trial Court Cause No.
49D32-1607-F1-25396

---

**Opinion by Judge Vaidik**
Judges Weissmann and Foley concur.

**Vaidik, Judge.**

## Case Summary

[1] In Indiana, when a defendant is charged with a crime against another person, the victim's identity is a material element of the offense that the State must specifically allege in the charging information and then prove beyond a reasonable doubt. These requirements serve to place the defendant on notice of the exact crime being charged and to protect the defendant against double jeopardy—a subsequent prosecution for the same offense.

[2] Here, the State charged Gregory Freeman with attempted murder, alleging that he shot a man named Lawon Browning. Browning was excluded from testifying because he refused to appear for a deposition, and at the bench trial no witness identified the victim as Lawon Browning. Still, the trial court found Freeman guilty of the lesser-included offense of Level 5 felony battery with a deadly weapon. Concluding that the State failed to prove beyond a reasonable doubt that Lawon Browning was the victim of the shooting, we must reverse that conviction.

## Facts and Procedural History

[3] In the early morning hours of May 26, 2016, Freeman was at a strip club in Indianapolis. Just before 3:00 a.m., Freeman and two other men walked through the parking lot, approached a man who had been driving a maroon Pontiac, and shot him multiple times. Freeman and the other shooters fled the scene. The victim survived the shooting and was still present when Indianapolis

Metropolitan Police Department (IMPD) Officer Christopher Clouse arrived to collect evidence. Officer Clouse took photos of the victim but didn't get his name. The victim was then taken to a hospital. IMPD Detective Connie Pearson went to the hospital later that day, but the victim couldn't provide a coherent statement.

[4] The State charged Freeman with Level 1 felony attempted murder and Class A misdemeanor carrying a handgun without a license. (The State also charged Freeman with Level 2 felony conspiracy to commit murder but later dismissed that count.) The attempted-murder charging information identified the victim as Lawon Browning. While the case was pending, Browning was charged with and convicted of murder for an unrelated incident and sentenced to seventy-one years in prison. *See* Cause No. 49G04-1804-MR-13688; *Browning v. State*, No. 19A-CR-2522 (Ind. Ct. App. Aug. 6. 2020) (mem.), *trans. denied*. He was scheduled for a deposition in Freeman's case but refused to participate, so Freeman moved to exclude him as a witness. The State did not object to the motion, noting that Browning was also refusing to cooperate with the State. The trial court granted the motion to exclude.

[5] Freeman waived his right to a jury trial, and a bench trial was held. The State called five witnesses, none of whom identified the victim by name. The State presented its Exhibit 37, which it claimed is a jail booking photo of Browning from 2018. The document includes a photo of a man, and below the photo is the name "Browning, Lawon." Officer Clouse said the man in the photo is the man who was shot, but he didn't know the man's name and couldn't confirm

that the document is a booking photo. Freeman objected to the admission of the exhibit "due to improper foundation and lack of knowledge of the person purported to be identified." Tr. p. 149. The court asked the State if it was offering the exhibit "as a certified public record" or "through the testimony of the witness[.]" *Id.* at 150. The State responded, "Both, one being relevance through the witness, admissibility through public record." *Id.* The court said it would admit the exhibit "as it relates to the witness's identification of the individual" but that it was "not accepting it as a certified business record because I don't believe there is an adequate foundation being made[.]" *Id.* The State later showed the exhibit to Detective Pearson. She testified that the man in the photo is the man she saw at the hospital, but she didn't say anything about his name.

[6] The State also presented a certified BMV registration showing that the maroon Pontiac was owned by "Lawon Edward Browning." Ex. 131. The document contains no photograph or physical description of the owner.

[7] The trial court found Freeman not guilty of attempted murder, concluding that the State had not proven that Freeman acted with the specific intent to kill. However, the court found Freeman guilty of the lesser-included offense of Level 5 felony battery with a deadly weapon, as well as Class A misdemeanor carrying a handgun without a license. The court imposed sentences of two years for the felony and one year for the misdemeanor, to be served concurrently.

[8] Freeman now appeals.

# Discussion and Decision

Freeman contends the evidence is insufficient to support his conviction for Level 5 felony battery with a deadly weapon. (He doesn't appeal his conviction for Class A misdemeanor carrying a handgun without a license.) When reviewing sufficiency-of-the-evidence claims, we neither reweigh the evidence nor judge the credibility of witnesses. *Willis v. State*, 27 N.E.3d 1065, 1066 (Ind. 2015). We will only consider the evidence supporting the judgment and any reasonable inferences that can be drawn from the evidence. *Id.* A conviction will be affirmed if there is substantial evidence of probative value to support each element of the offense such that a reasonable trier of fact could have found the defendant guilty beyond a reasonable doubt. *Id.*

Freeman doesn't challenge the sufficiency of the evidence that he shot another person. Rather, he argues that the State was required, but failed, to prove that he shot the person named in the charging information, Lawon Browning. For a crime against a person, the State must both allege and prove the identity of the victim. *See Leonard v. State*, 73 N.E.3d 155, 162 (Ind. 2017) (holding, in a double-murder case, that "the victims' identities were material elements of the offense"); *A.A. v. State*, 29 N.E.3d 1277, 1282 (Ind. Ct. App. 2015) ("It has long been held in Indiana that as a general rule the name of one injured in his person or property, by the act of the accused, or the name of one whose identity is essential to a proper description of the offense charged should be alleged if known."). These requirements serve to (1) put a defendant on notice of the specific crime charged, allowing them to prepare a defense, and (2) protect

against a subsequent prosecution for the same offense (i.e., double jeopardy). *Robinson v. State*, 112 N.E.2d 861, 862-63 (Ind. 1953); *People v. Espinoza*, 43 N.E.3d 993, 999 (Ill. 2015); *Holborough v. State*, 103 So. 3d 221, 223 (Fla. Dist. Ct. App. 2012).

[11] The State argues that the victim's identity was not an element it was required to prove. It notes that the battery statute requires only the rude, insolent, or angry touching of "another person." Ind. Code § 35-42-2-1(c). But the State simply ignores Freeman's citation to our Supreme Court's holding in *Leonard*. That case involved the murder statute, which, like the battery statute, requires that the offense be committed against "another human being." I.C. § 35-42-1-1. The Court nonetheless held that the victims' identities were material elements of the offense. That holding controls the analysis here.

[12] In the alternative, the State argues that it proved the identity of the victim through Exhibit 37—the purported booking photo of Browning—and the BMV registration. But when the trial court admitted Exhibit 37, it ruled that the State hadn't established an adequate foundation for the document to be admitted as a public record or a business record, so the document could come in only through the testimony of Officer Clouse. And Officer Clouse made clear that he didn't know the name of the man in the photo, only his face. Therefore, the trial court admitted Exhibit 37 only for the photo, not the name under the photo.

[13] It may be tempting to write off the trial court's ruling as a technicality, since the Exhibit 37 ultimately admitted into evidence (and included in the record on

appeal) shows the name "Browning, Lawon." But that is simply a function of this being a bench trial. If this had been a jury trial, the court's evidentiary ruling would have led to the name being redacted from the document. In other words, the trial court's ruling means that it proceeded as if there was no name on the document. In reviewing the sufficiency of the State's evidence, we must do the same. As Freeman puts it, "What the State is left with in its Exhibit 37 is a picture offering no more evidentiary value than a picture of the victim at a family picnic." Appellant's Br. p. 13.

[14] That leaves the BMV registration showing that the car the victim was driving was owned by "Lawon Edward Browning." But that document doesn't prove Browning was driving the car at the time of the shooting. The driver may have borrowed the car from Browning, or recently purchased the car from Browning but not yet updated the registration, or stolen the car from Browning. The BMV registration, standing alone, does not prove beyond a reasonable doubt that Browning was the victim.

[15] The State cites *Owens v. State*, 224 N.E.3d 984 (Ind. Ct. App. 2023), *trans. denied*, but that case is distinguishable. Owens was charged with and convicted of battering a man named Jacob Dugas. On appeal, Owens argued that there was insufficient evidence of the victim's identity because the victim's full name was never established at trial. We disagreed, noting that (1) the State presented evidence that the victim's name was "Jacob" and (2) during closing arguments defense counsel referred to the victim as both "Mr. Dugas" and "Jacob." We concluded, "Taken together, although Dugas was never identified by his full

name at trial, the State's evidence and defense counsel's reference to the victim as 'Mr. Dugas' were sufficient for the jury to find that the victim referenced at trial was 'Jacob Dugas,' as named in the charging information." *Id.* at 994. Here, on the other hand, neither the evidence admitted nor defense counsel's argument established the first, last, or full name of the victim.

[16] Assuming that Lawon Browning was the victim of the shooting, the State could have proven his identity in several ways. For example, if the State had a booking photo of Browning, it could have presented a certified copy with proper foundation. Or it could have presented medical records from the day of the shooting or the testimony of someone who provided medical care. The State didn't present any evidence like this and instead relied solely on the purported booking photo and the BMV registration.

[17] The State is correct that proving a victim's **identity** doesn't always require direct evidence of the victim's **name**. In *Davis v. State*, 796 N.E.2d 798 (Ind. Ct. App. 2003), *trans. denied*, a woman named Lucy Scott reported that the defendant had attacked her while she was holding her three-year-old daughter, D.S. The State charged the defendant with domestic battery as to Scott and battery as to D.S. At trial, D.S.'s name was never mentioned, but Officer Susan Reidenbach testified that Scott was holding her three-year-old daughter at the time of the attack. The defendant was found guilty and appealed, arguing that the evidence was insufficient to identify the victim of the battery. We disagreed, explaining:

> [T]he evidence is sufficiently clear to establish that the charging information relating to D.S., a three-year-old child, refers to the same three-year-old child who Officer Reidenbach testified was being held by Scott when she was attacked and thrown onto the bed. Officer Reidenbach also established that the three-year-old child who Scott was holding was Scott's own daughter. This evidence was sufficient for the trial court to conclude that D.S. was the child who was being held by Scott and who was injured in the altercation.

*Id.* at 806.

[18] Here, though, no such identifying information about the victim was admitted into evidence. While multiple witnesses identified the shooting victim in photos, their testimony didn't link the photos to the person named in the charging information and the BMV registration.

[19] Because the State failed to prove the identity of the victim beyond a reasonable doubt, we must reverse Freeman's battery conviction. We affirm Freeman's conviction and one-year sentence for carrying a handgun without a license.

[20] Affirmed in part and reversed in part.

Weissmann, J., and Foley, J., concur.

ATTORNEY FOR APPELLANT

Matthew D. Anglemeyer
Marion County Public Defender
Appellate Division
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Theodore E. Rokita
Attorney General

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana